487 So.2d 34 (1986)
Johnny Bo PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. BH-155.
District Court of Appeal of Florida, First District.
February 20, 1986.
On Motion for Rehearing April 16, 1986.
Johnny Bo Price, pro se.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant filed a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel. Specifically, appellant complained that his court-appointed attorney failed to conduct an adequate pretrial investigation of the defense of insanity by reason of intoxication based on appellant's contention that he had a history of alcoholism and was intoxicated at the time of the offenses. The trial court summarily denied the motion.
Appellant was charged with armed robbery and kidnapping. The record shows that he consumed approximately one-half quart of whiskey and smoked marijuana shortly before the offenses occurred and that alcohol consumption continued during the criminal episode. We note that this constitutes an even greater use of intoxicants than was present in Gardner v. State, 480 So.2d 91 (Fla. 1985). In Gardner the Supreme Court held that a defendant charged with specific intent crimes is entitled to a jury instruction on voluntary intoxication *35 when there is evidence of the use of intoxicants and the defendant is intoxicated at the time of the offense.
Appellant has alleged that he informed his counsel about his long history of chronic alcoholism which resulted in his hospitalization and treatment for alcoholism and alcohol-induced schizophrenia. Nonetheless, the only defense which counsel chose to raise was mistaken identity, hardly a meaningful choice, given the testimony of the victim and a codefendant.
We conclude that the motion is sufficient on its face to warrant an evidentiary hearing under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and we remand this case to the trial court pursuant to rule 3.850(f), Florida Rules of Criminal Procedure.
REVERSED and REMANDED.
THOMPSON and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
The State has filed a motion for rehearing or clarification raising two concerns.
First, the State complains that appellant did not file a sworn motion as required by Florida Rule of Criminal Procedure 3.850 and that the trial court's order denying the motion should be affirmed on this ground. We agree that the original motion was not sworn; we note, however, that appellant attempted to cure this defect on rehearing by incorporating into his motion a properly sworn affidavit supporting the grounds of his motion. Although the record before us contains no indication that the trial court ruled on the motion for rehearing or even considered the affidavit after it was filed, we have elected to treat the affidavit as sufficient to comply with rule 3.850, thereby permitting us to consider the facial sufficiency of the motion to allege a legal basis for relief. To do otherwise would waste valuable appellate court time.
Next, the State complains that we should not direct that the trial court hold an evidentiary hearing, but should leave such decision to the discretion of the trial court. This contention is based on the recent amendment to rule 3.850 which requires the trial court to order the state's attorney to appear and answer the motion unless the motion and files "conclusively show that the prisoner is entitled to no relief." Finding merit in this contention, we modify our opinion to require that the case be remanded for further proceedings under rule 3.850 consistent with our holding that the motion and record on appeal, in the absence of controverting matters made known by the state through its answer or in an evidentiary hearing, are sufficient to warrant the granting of relief.
With this clarification, the motion for rehearing is DENIED.
THOMPSON and BARFIELD, JJ., concur.