539 So.2d 525 (1989)
Paul MYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2122.
District Court of Appeal of Florida, First District.
March 2, 1989.
Paul Meyers, pro se.
No appearance for the State.
NIMMONS, Judge.
Appellant appeals from the summary denial of his 3.850 motion. In the appealed *526 order, the court recited that "the motion and files and records in this case conclusively show that the defendant is entitled to no relief for numerous reasons, but specifically finding that the motion was filed more than two years after the judgment and sentence became final." We reverse.
First, the motion was not untimely. Fla.R.Cr.P. 3.850 provides in pertinent part:
A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final [with two exceptions not relevant here]. Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule. (e.s.)
The judgment and sentence becomes final when direct review proceedings are concluded and jurisdiction to entertain the motion for postconviction relief returns to the trial court. Johnson v. State, 508 So.2d 779 (Fla. 1st DCA 1987). It is clear from the records before us that appellant's motion was filed well within the two-year period after the judgment and sentence became final subsequent to the defendant's direct appeal in Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1987).[1]
With the elimination of that basis for the trial court's summary denial, we are left with the court's reliance upon unspecified "files and records," copies of none of which were attached to the order. Such is insufficient as a basis for summary denial.
Moreover, we cannot say that the motion is facially insufficient. Indeed, our examination of the motion[2] reveals that it adequately alleges facts supporting the following grounds for relief under 3.850: (1) that the defendant was incompetent to stand trial; and (2) that the defendant was denied effective assistance of counsel in that counsel failed to adequately investigate and raise the defense of insanity. See Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986). The remaining ground asserted by the defendant, that "the trial court erred in allowing insufficient of [sic] evidence for [sic] an attempted burglary to go to jury," is patently inappropriate as a ground for relief under 3.850.
We therefore reverse and remand for further proceedings consistent with this opinion. See Price, 487 So.2d at 35 (on rehearing).
SMITH, C.J., and ERVIN, J., concur.
NOTES
[1] This is so only with respect to the charges upon which the defendant went to trial and which were the subject of the above appeal. Most of the defendant's allegations in his 3.850 motion pertain to those charges. However, his motion also purports to attack as involuntary his plea of nolo contendere entered with respect to other charges. Inasmuch as the latter charges were not the subject of the above appeal, the time was not tolled for the filing of a 3.850 motion as to those charges.
[2] The motion was filed along with a memorandum which contains both legal argument and factual allegations. The memorandum is separately sworn to, as is the motion itself. Also, the motion specifically incorporates the memorandum by reference. Although it is certainly preferable for the factual allegations to be included within the four corners of the motion, under the above described circumstances, we are willing to regard the factual allegations of the accompanying memorandum as a part of the motion.