566 So.2d 942 (1990)
Tommy Dean SAWYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02363.
District Court of Appeal of Florida, Second District.
September 19, 1990.
PER CURIAM.
Tommy Dean Sawyers appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Of the two allegations for relief in his motion, only the first is facially sufficient. Sawyers alleged that his counsel was ineffective, and that his guilty plea was therefore involuntary, as a result of counsel's failure to object when the trial court sentenced him to a consecutive term of imprisonment after counsel had promised Sawyers that his sentence in the present case would be concurrent with other sentences imposed on the same day. The trial court denied the motion without an evidentiary hearing and attached excerpts from two hearings. These portions of the record, however, do not conclusively refute Sawyers' allegation that his plea was induced by counsel's promise of concurrent sentences. See Costello v. State, 260 So.2d 198 (Fla. 1972); Lonergan v. State, 495 So.2d 196 (Fla. 2d DCA), review denied, 501 So.2d 1282 (Fla. 1986); Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985).
Accordingly, we reverse the denial of this allegation in Sawyers' motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Sawyers is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Sawyers' allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.