PER CURIAM.
Anthony L. Anfield appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the several allegations contained in Anfield’s motion, only two are facially sufficient. First, Anfield claimed that the trial court failed to determine the voluntariness of the plea by conducting the colloquy provided for in rule 3.172. See Diaz v. State, 439 So.2d 1011 (Fla. 2d DCA 1983). Second, he claimed that he bargained for a term of twelve years’ imprisonment, but was sentenced to concurrent terms of twenty-seven years’ imprisonment, with consecutive three-year minimum mandatory sentences imposed on four of the fourteen counts to which he pleaded guilty. See Sawyers v. State, 566 So.2d 942 (Fla. 2d DCA 1990). The trial court denied the motion without an eviden-tiary hearing, but did not attach to the order any portion of the files or record to refute these allegations.
Accordingly, we reverse the order deny-' ing Anfield’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Anfield is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evi-dentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Anfield’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.