PER CURIAM.
Appellant challenges the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one of the allegations in the motion has merit. Although worded inartfully, appellant appears to allege that he was denied effective assistance of counsel and thus, his guilty plea was involuntary because counsel led him to believe that the trial court would sentence him to no more than seven years’ incarceration, the upper limit of the recommended guidelines range. He further contends that the state agreed to a guidelines sentence in exchange for his guilty plea. Instead, the trial court imposed consecutive sentences totalling sixty years’ incarceration. If this allegation is true, then appellant might be entitled to relief. See Anfield v. State, 576 So.2d 388 (Fla. 2d DCA 1991); Sawyers v. State, 566 So.2d 942 (Fla. 2d DCA 1990). The trial court denied the motion without an evidentiary hearing, but failed to attach portions of the record that conclusively refute appellant’s allegation.
Accordingly, we reverse the order denying appellant’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that appellant is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evi-dentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute appellant’s allegations. Any party aggrieved by the subsequent action of the trial court *659 must file a notice of appeal within thirty days to obtain appellate review.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.