PETERSON, Judge.
Tony Maurice Lampkin appeals the summary denial of his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. The only meritorious issue raised on appeal is that the trial court should have allowed evidence to be presented to show that Lamp-kin’s trial counsel was ineffective. Lamp-kin claims that his counsel was ineffective in advising him to plead guilty to the charge of escape even though the state had indicated it would seek an enhanced penalty under the habitual offender statute. Lampkin also claims that counsel advised him that the trial court could not sentence him as a habitual offender since no grounds existed to find that he was a danger to society. Lampkin was sentenced on July 17, 1989. Section 775.084, Florida Statutes, had been amended as of October 1, 1988, to eliminate the requirement of a factual finding that enhancement was necessary for the protection of the public.
The record of the sentencing hearing does not make it clear that Lampkin’s trial counsel understood the reduced requirements of the amended section 775.084. He stated:
It appears to me that the policy of the State Attorney’s office up to date, since this new statute has come out, is to play it as conservatively as possible. That is to say anybody who has two prior felonies, that they are a candidate and they are going to be enhanced.
Now, I don’t believe this to be the intent of the legislature, nor the people that are involved according to the statute. According to the statute we must find, of course, this man a danger to society....
We therefore reverse the summary denial of Lampkin’s 3.850 motion and remand with directions either to attach portions of the record that show conclusively that summary denial is appropriate or to hold an evidentiary hearing to determine whether Lampkin is entitled to relief because he was advised erroneously as to the consequences of his plea.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.