596 So.2d 483 (1992)
Phillip Anthony COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2692.
District Court of Appeal of Florida, First District.
March 24, 1992.
*484 Richard A. Belz, Florida Institutional Legal Services, Gainesville, for appellant.
No appearance for appellee.
JOANOS, Chief Judge.
Appellant Phillip Anthony Cook appeals the denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion was denied as untimely, without consideration of the grounds for relief presented in the motion. We reverse.
Appellant was convicted of first-degree murder and possession of a firearm during the commission of a felony. The trial court imposed a life sentence for the murder conviction, and a consecutive thirty-month sentence for the possession of a firearm conviction. Appellant took a direct appeal. On February 13, 1989, the convictions and sentences were affirmed per curiam, without a written opinion. See Cook v. State, 538 So.2d 1256 (Fla. 1st DCA 1989) (Table). The mandate issued on March 1, 1989.
On February 25, 1991, appellant filed the rule 3.850 motion here under review. The trial court denied the motion, concluding that the judgment of conviction and the sentences became final February 13, 1989, when the per curiam affirmance was filed in connection with the direct appeal.
A motion for post-conviction relief is untimely and will not be considered if filed more than two years after the judgment and sentence become final.[1] Fla. R.Crim.P. 3.850. However, it is well settled that a judgment and sentence do not become final for purposes of a rule 3.850 motion for post-conviction relief until issuance of the mandate. Huff v. State, 569 So.2d 1247, 1250 (Fla. 1990); Myers v. State, 539 So.2d 525, 526 (Fla. 1st DCA 1989); Austin v. State, 527 So.2d 867, 868 (Fla. 1st DCA) review denied, 536 So.2d 243 (Fla. 1988); Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). Since the instant judgment and sentence became final March 1, 1989, when the mandate issued on the direct appeal, appellant's motion for post-conviction relief filed February 25, 1991, was within the two-year limitation period and thus timely.
Accordingly, the order denying appellant's motion for post-conviction relief is reversed, and the cause is remanded for further proceedings.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] The exceptions to the two-year limitation period are allegations that "(1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." Neither exception has application to the instant case.