598 So.2d 169 (1992)
Richard L. McCOY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 91-1689, 91-2792.
District Court of Appeal of Florida, First District.
April 29, 1992.
*170 Richard L. McCoy, pro se.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant Richard L. McCoy seeks review of trial court orders denying his motions for post-conviction relief. Because both motions sought relief from the same judgment and sentence, we have consolidated the cases for purposes of appellate review. We reverse the order appealed in Case No. 91-1689, and affirm the order appealed in Case No. 91-2792.
Appellant pled guilty to one count of attempted armed robbery, and was sentenced as an habitual violent felony offender to fifteen years incarceration, with a minimum mandatory sentence of five years. The conviction and the sentencing disposition were affirmed on direct appeal. See McCoy v. State, 563 So.2d 213 (Fla. 1st DCA 1990).
The motion filed in Case No. 91-1689 raised three claims as the basis for appellant's entitlement to relief: (1) ineffective assistance of counsel, (2) involuntary plea, and (3) denial of defense counsel's motion to withdraw. In support of the ineffective assistance of counsel claims, appellant alleged that he was denied his only viable defense due to his counsel's failure to investigate and prepare the defense of involuntary intoxication. Appellant stated he told his attorney that he drank "almost a quart of whiskey and smoked marijuana just before the alleged crime occurred," and that his attorney ignored his history of drug and alcohol abuse. Appellant further alleged that his counsel failed to advise him of the consequences of accepting the plea offer, i.e., counsel led appellant to believe that if he accepted the plea offer, the Department of Corrections would reduce the sentence by one-third, and with the application of administrative gain time to the remainder of his sentence, appellant would be released from prison within two years. Upon arrival at the prison reception center, appellant learned he was ineligible for the one-third reduction, due to the mandatory portion of his sentence. The motion states that if appellant had known the consequences of the plea offer, he would not have entered the plea. In addition, appellant alleged that his counsel badgered him into accepting the plea offer, by advising him that if he insisted on going to trial and was found guilty, he would receive a life sentence, because this was not his first robbery conviction.
The trial court denied the motion, finding that the plea agreement refuted any claim of ineffective assistance of counsel, and since the issue of withdrawal was presented to, and ruled upon, by the trial court, it could have been argued on appeal and thus was not a proper matter for post-conviction relief. Appellant's motion for rehearing was denied by order dated May 6, 1991. Appellant then filed a notice of appeal stating that it was from the order denying his motion for rehearing. This court concluded that the pro se appellant intended to appeal the denial of his motion for post-conviction relief, rather than the denial of his motion for rehearing. The state was requested to show cause why appellant's timely filed notice of appeal should not be considered a notice of appeal of the order denying the motion for post-conviction relief. After consideration of the state's response, this court issued its order treating appellant's notice of appeal as an appeal from the order denying his motion for post-conviction relief.
A defendant's allegation that his attorney misrepresented the consequences of a plea constitutes a facially sufficient ineffective assistance of counsel claim, if the defendant also alleges that the guilty plea would not have been entered but for his attorney's advice. See Shaffner v. State, 562 So.2d 430 (Fla. 1st DCA 1990). See also Jones v. State, 589 So.2d 1023 (Fla. 4th DCA 1991); Lampkin v. State, 589 So.2d 458 (Fla. 5th DCA 1991); Brown v. State, 588 So.2d 658 (Fla. 2d DCA 1991); Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991); Colon v. State, 586 So.2d 1305 (Fla. 2d DCA 1991). Similarly, a defendant's allegation that his attorney failed to *171 consider a voluntary intoxication defense although appellant informed the attorney of his history of alcoholism, together with record evidence that the defendant was intoxicated at the time of committing a specific intent crime, is sufficient to require attachment of portions of the record refuting the allegation, or for an evidentiary hearing on the claims. Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986). Accord Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990). Finally, claims that an attorney coerced his client into accepting a plea bargain and sentence by telling him that he would spend the rest of his life in prison and the attorney would drop the case if the defendant insisted on going to trial, warrants attachment of portions of the record which conclusively refute the claims, or an evidentiary hearing. Siegel, 586 So.2d at 1343.
We agree with the trial court that appellant's claim regarding the court's refusal to permit defense counsel to withdraw from the case could have been raised on direct appeal, and is not cognizable on a motion for post-conviction relief. See Fla. R.Crim.P. 3.850. However, we disagree with the trial court's view that the ineffective assistance of counsel claims were refuted by the signed plea agreement. Therefore, we issued an order pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), requesting the Attorney General's office to file a brief addressing appellant's claims of ineffective assistance of counsel.
The state's response revealed a misunderstanding of the posture of the case. Because counsel for the state assumed, albeit incorrectly, that appellant did not appeal the denial of his motion in Case No. 91-1689, the state did not address the merits of the ineffective assistance allegations contained in that motion. Instead, the state compared the allegations in appellant's second motion for post-conviction relief, this court's Case No. 91-2792, to the allegations in Case No. 91-1689, to demonstrate that the allegations of the second motion were, for the most part, duplicative of the claims raised in the first motion. The state reasoned that since the first motion was denied on the merits and was not appealed, the trial court's denial of the second motion should be affirmed on the basis of abuse of the process.
The motion for post-conviction relief filed in Case No. 91-2792 raised claims that (1) appellant was sentenced illegally as an habitual felony offender, due to non-existence of the requisite number of prior felony convictions, and (2) ineffective assistance of counsel, due to counsel's failure to function as a defense advocate, including counsel's refusal to file a notice of appeal and assignment of judicial acts to be reviewed, thereby denying appellant a meaningful appeal. The trial court found the second amended motion for post-conviction relief failed to allege new or different grounds from those raised in appellant's prior motions for reduction of sentence and for post-conviction relief, and the denial of the prior motions had been on the merits. Therefore, the trial court denied the second rule 3.850 motion as an abuse of procedure.
A review of the record in the direct appeal revealed that appellant indeed was habitualized on the basis of one prior felony conviction for armed robbery in October 1985. Since the instant armed robbery offense occurred March 27, 1989, appellant was subject to the amended section 775.084(1)(b), Florida Statutes (Supp. 1988), effective October 1, 1988. See Ch. 88-131, § 6, Laws of Fla. Under the amended statute, one of the criteria for classification as an habitual felony offender is that the defendant "previously has been convicted of any combination of two or more felonies in this state or other qualified offenses." Section 775.084(1)(a), Fla. Stat. (Supp. 1988). However, appellant was classified as an habitual violent felony offender, which requires only one prior conviction of an enumerated offense. See § 775.084(1)(b)1., Fla. Stat. (Supp. 1988). Since appellant previously was convicted of armed robbery, a qualifying offense for habitual violent felony offender classification, his contention that the sentence was unlawful is without merit.
As to the allegations of ineffective assistance of counsel in Case No. 91-2792, *172 the file in the direct appeal contains a pro se handwritten notice of appeal, dated June 9, 1989, appealing the judgment of conviction of May 26, 1989. The existence of the pro se notice of appeal lends some support to appellant's allegations that trial counsel failed to function as a defense advocate, and that he refused to file a notice of appeal or other required documents. Nevertheless, appellant's appeal rights were not compromised, in that the record reflects he received a full appeal, with representation by an experienced assistant public defender, resulting in a written opinion. Absent a showing that the alleged deficiency was prejudicial, a court reviewing a claim of ineffectiveness need not reach the allegations that counsel's performance was deficient. Johnson v. State, 593 So.2d 206 (Fla. 1992); Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989).
Accordingly, the order denying post-conviction relief in Case No. 91-2792 is affirmed; the order denying post-conviction relief in Case No. 91-1689 is reversed and remanded for attachment of those portions of the record which conclusively show that appellant is entitled to no relief, or for an evidentiary hearing.
ZEHMER and WOLF, JJ., concur.