KAHN, Judge.
We reverse the trial court’s denial of McAroy’s motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure.
At the time of the events giving rise to the present sentences, appellant was serving a period of probation for several earlier offenses. According to his 3.850 motion, McAroy, while on probation, was sent to the state psychiatric facility at Chattahoochee. Shortly after his release from Chattahoochee, McAroy returned to Pensacola. While walking down the street, he noticed a car with the window rolled down and reached in and stole a wallet. As a result, the state charged McAroy with burglary, petit theft, and violation of probation. Pursuant to a plea of no contest, the trial court adjudged McAroy to be a habitual violent felon, and sentenced him to ten years on the burglary charge, one year on the petit theft charge, and 17 years on the violation of probation.
In his motion for postconviction relief, appellant contends first that his pleas were involuntary and entered as a result of ineffective assistance from trial counsel. Appellant further contends that he was mentally incompetent at the time the crime was committed, that trial counsel was aware of this fact, and that trial counsel failed to render effective assistance by proceeding with an insanity defense.
As to the question of the voluntariness of appellant's plea, the very portions of the record attached by the trial court indicate that the colloquy provided for in Rule 3.172, Florida Rules of Criminal Procedure, was not conducted at the time of the plea change. The attachments provided by the trial court further do not refute appellant’s allegation that his mental incompetence vitiated any arguable voluntariness of the plea. On this basis, the trial court’s ruling must be reversed. Evans v. State, 539 So.2d 33 (Fla. 1st DCA 1989); Van Meter v. State, 527 So.2d 306 (Fla. 1st DCA 1988).
Appellant’s allegation of ineffective assistance of counsel by the failure to pursue an insanity defense is intertwined with factual matters concerning the voluntariness of the plea, and accordingly we reverse on this basis as well. See Myers v. State, 539 So.2d 525 (Fla. 1st DCA 1989); Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986).
REMANDED for further proceedings consistent with Rule 3.850.
ERVIN and WIGGINTON, JJ., concur.