611 So.2d 48 (1992)
Terry L. REED, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2461.
District Court of Appeal of Florida, First District.
December 29, 1992.
Terry L. Reed, pro se.
No appearance for appellee.
PER CURIAM.
Terry L. Reed has appealed the summary denial of his motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Reed was convicted by a jury of aggravated battery with a deadly weapon, and sentenced as an habitual violent felony offender. His conviction and sentence were affirmed in Reed v. State, 589 So.2d 297 (Fla. 1st DCA 1991). Reed thereafter filed the instant motion alleging ineffective assistance of trial counsel in: 1) failing to object or move for a mistrial when the state elicited a response indicating that Reed had previously been to prison, and 2) failing to present a defense of voluntary intoxication, despite pre-trial discovery indicating that Reed was intoxicated at the *49 time of the offense. The trial court denied the motion without explanation or attachments.
The motion was correctly denied as to the first ground, in that it did not allege or show that there was a reasonable probability that the results of the proceedings would have been different but for the alleged substandard performance. See Bertolotti v. State, 534 So.2d 386, 387 (Fla. 1988). However, a defendant's allegation that his attorney failed to consider a voluntary intoxication defense although defendant informed him of a history of alcoholism, together with record evidence that the defendant was intoxicated at the time of committing a specific intent crime, is sufficient to require attachment of portions of the record refuting the allegation, or for an evidentiary hearing on the claim. McCoy v. State, 598 So.2d 169, 171 (Fla. 1st DCA 1992).
Although the motion presents a close case on this issue, Reed does allege that "pre-trial discovery indicated that several witnesses, including the arresting officer, stated that the defendant was highly intoxication [sic] at the time the alleged crime was committed." Reed goes on to allege that counsel did not pursue this evidence in order to formulate a defense of voluntary intoxication, nor did he elicit evidence of intoxication at trial. These allegations are sufficient to require attachment of portions of the record refuting the allegations, or for an evidentiary hearing. McCoy at 171. Therefore, we reverse the order of the trial court as to this allegation only, and remand for further proceedings.
Affirmed in part, reversed in part and remanded with directions.
SHIVERS and ZEHMER, JJ., concur.
JOANOS, C.J., concurring in part and dissenting in part with written opinion.
JOANOS, Chief Judge, concurring in part and dissenting in part.
I would affirm the order on appeal in full.
Appellant's allegation in regard to the possible defense of voluntary intoxication is as follows:
Counsel failed to investigate, research relevant laws, and/or otherwise prepare defendant a valid defense to the crime charge.
That is, pre-trial discovery indicated that several witnesses, including the arresting officer, stated that defendant was highly intoxication [sic] at the time the alleged crime was committed. However, counsel did not follow-up on this evidence and present a defense based on voluntary intoxication. Instead, counsel chose to argue that there was no weapon (knife) involved even though such defense was totally contrary to the testimony of eye witnesses [sic].
Moreover, during the course of the trial, counsel failed to ask a single witness whether defendant was intoxicated or appeared to be intoxicated which prevent [sic] a jury instruction on voluntary intoxication which was a defense to the crime charged. Counsel's failure not only deprived defendant [of] a fair trial as guaranteed him by the federal and state constitution, it deprived the jury of its pardon power.
First of all, Reed does not allege that he informed his counsel of a history of alcoholism, as was the situation in McCoy v. State, 598 So.2d 169, 171 (Fla. 1st DCA 1992). Nor does he allege that he even informed counsel that he was intoxicated at the time of the event. Further, appellant is in effect "second-guessing" the strategy employed by counsel at trial. Because that strategy was unsuccessful, he now urges that a different defense should have been employed. An allegation that trial counsel should have used a different trial strategy is insufficient to state a cause of action for ineffective assistance of counsel. See Kennedy v. State, 547 So.2d 912, 914 (Fla. 1989).
For these reasons, I dissent from that portion of the majority opinion reversing *50 the trial court order, and would affirm it in its entirety.