PER CURIAM.
Chey Lamont Williams appeals an order summarily denying his motion for post-eon-vietion relief. The trial court denied the motion as untimely. A review of the record reveals that the state’s confession of error is well-taken. Williams filed his motion within the period set forth in Florida Rule of Criminal Procedure 3.850(b), which states that such motion must be filed within “two years after the judgment and sentence become final.” Williams’ judgment and sentence became final upon issuance of this court’s July 28, 1992, mandate on the direct appeal. Williams v. State, 601 So.2d 566 (Fla. 3d DCA 1992). Therefore, the Rule 3.850 motion filed on August 10, 1993, is timely. Jones v. State, 602 So.2d 606 (Fla. 1st DCA 1992); Miller v. State, 601 So.2d 604 (Fla. 4th DCA 1992); Cook v. State, 596 So.2d 483 (Fla. 1st DCA 1992); see Huff v. State, 569 *226 So.2d 1247 (Fla.1990). We reverse the order and remand the cause for further proceedings.
Reversed and remanded.