W. SHARP, Judge.
We strike this cause because we do not have jurisdiction to hear it, since the trial court has not entered a new order below to serve as the basis for a new appeal. We write by way of explanation to the pro se appellant in this case, and others who may be similarly situated.
Durden previously filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied without attaching any portion of the record. Durden appealed. We dismissed that appeal without prejudice to Durden to refile his motion, with properly sworn-to motions and affidavits attached. We also noted that the trial court failed to address Durden’s claims of ineffective assistance of trial counsel by not attaching portions of the record sufficient to show Durden had no basis for the relief sought.[1]
After that appeal was dismissed, Durden filed no new motion. However, the trial court apparently attached portions of the record below to its previously entered order. Although Durden filed no new notice of appeal, the clerk of the lower court has attempted to send the case back to this court for review.
Since no party has appealed, there is no cognizable case before us. Durden’s legal situation continues unchanged from our prior dismissal, and its current status is controlled by the law of the case. Cf. Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993); Fischbaeh & Moore, Inc. v. McBro, Div. of McCarthy Bros., 619 So.2d 324 (Fla. 3d DCA 1993).
We herewith strike the “notice” sent to us by the lower court.
STRICKEN.
COBB and GRIFFIN, JJ., concur.

. Order issued in Durden v. State, No. 94-2498 (Fla. 5th DCA Nov. 28, 1994).