THOMPSON, Judge.
Frank Durden, Jr., appeals the summary denial of his motion for post-conviction relief which was filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
This appeal is the second time that Durden has appealed an order of the trial court summarily denying his motion for post-conviction relief. This court dismissed Durden’s first appeal, without prejudice to Durden to refile a properly sworn motion. After the dismissal, the trial court attempted to provide this court with a copy of the trial record to refute the claims asserted in Durden’s first motion. We returned the record to the trial clerk because no appeal remained pending before us. Durden v. State, 652 So.2d 949 (Fla. 5th DCA 1995).
Durden now appeals the trial court’s summary denial of his second motion. Although he raises several claims for relief, we conclude that all but two are defective on their face. We treat in detail these two claims to help the trial court resolve them with minimum judicial labor. Each claim involves ineffective assistance of counsel, and each requires either an evidentiary hearing or attachment of portions of the record to refute the claim.
The first claim involves the failure of Durden’s trial counsel to raise voluntary intoxication as a defense. Durden alleges that he told his counsel before trial that he was intoxicated because of drug use when the crime was committed. He also alleges that evidence presented at trial supports this claim. We agree with Durden that these allegations are sufficient to require the trial court to either conduct an evidentiary hearing or attach portions of the record refuting Durden’s claim that his counsel was ineffective for failing to consider a voluntary intoxication defense. Jenkins v. State, 625 So.2d 883 (Fla. 1st DCA 1993); Reed v. State, 611 So.2d 48 (Fla. 1st DCA 1992); McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992).
Durden’s second claim is that his trial counsel failed to adequately investigate the circumstances surrounding his confession and failed to file a motion to suppress the confession. Citing Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969), and Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), cert. denied, 374 So.2d 101 (Fla.1979), Durden alleges that his confession was involuntary because the detective who questioned him made promises that “delude[d] [him] or exert[ed] undue influence over him” and because Durden “was illiterate, ... had no education, could not read or write and was at best unable to intelligently communicate effectively.” Durden contends that his counsel’s failure to file a motion to suppress precluded a judicial determination of the voluntariness of his confession and, thus, changed the outcome of his trial. We do not address the merits of Durden’s contentions; however, we agree that these allegations also are sufficient to require the trial court to either conduct an evidentiary hearing or attach portions of the record refuting Durden’s claim that his counsel was ineffective for failing to file a motion to suppress. Jackson v. State, 640 So.2d 1173 (Fla. 2d DCA 1994); Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990); Fortner v. State, 538 So.2d 85 (Fla. 2d DCA 1989).
Accordingly, we remand to the trial court for disposition of these two claims consistent with this opinion. We affirm the trial court’s order as to Durden’s remaining claims.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
COBB and GRIFFIN, JJ., concur.