667 So.2d 248 (1995)
Ronald Lee GUISASOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4002.
District Court of Appeal of Florida, First District.
August 23, 1995.
Bernard F. Daley, Jr., of Daley & Associates, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Thomas Crapps, Assistant Attorney General, Tallahassee, for appellee.
*249 MICKLE, Judge.
This cause is before us on appeal from the trial court's summary denial of appellant's post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We find that appellant's motion sets forth sufficient allegations of ineffective assistance of counsel as to the investigation and presentation of a voluntary intoxication defense. See McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992); Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992). The trial judge denied relief on the basis that (1) the factual allegations set forth in the motion revealed that defense counsel was aware of appellant's cocaine usage, and (2) defense counsel made a strategic decision to utilize the evidence of appellant's history of cocaine abuse solely during the penalty phase of the trial. It is true that a trial attorney may make a tactical decision not to pursue the defense of involuntary intoxication. See e.g. Bland v. State, 563 So.2d 794 (Fla. 1st DCA 1990); Harich v. State, 484 So.2d 1239 (Fla. 1986); and Buford v. State, 492 So.2d 355 (Fla. 1986). However, a trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Murphy v. State, 638 So.2d 975 (Fla. 1st DCA 1994); Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994). Herein, absent an adequate record, and without the benefit of an evidentiary hearing, we are in no position to affirm whether the omission of such a defense was a strategic move, particularly in view of the fact that appellant was charged with a specific intent crime entitling him to a jury instruction on voluntary intoxication where there was evidence of intoxication at the time of the offense. See Gardner v. State, 480 So.2d 91 (Fla. 1985); Price v. State, 487 So.2d 34 (Fla. 1st DCA 1986); Reed v. State, 611 So.2d 48 (Fla. 1st DCA 1992).
We are compelled to REVERSE and REMAND to the trial court for an evidentiary hearing.
BOOTH and MINER, JJ., concur.