COPE, J.
(concurring in part and dissenting in part).
The record now before us does not conclusively refute that part of defendant-appellant’s Rule 3.850 motion in which he asserts that his trial counsel was ineffective for failing to present a voluntary intoxication defense to the specific intent crime of burglary. See Fla. R.App. P. 9.140(i). I would remand for further proceedings on that issue as to the burglary charge only. See Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997); Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Durden v. State, 657 So.2d 919 (Fla. 5th DCA 1995).
Appellant is not entitled to a hearing on the voluntary intoxication issue as relates to false imprisonment, because it is a general intent crime; the misdemeanor battery claim, which is immaterial in the scheme of things and the sentence has already been served; and the auto theft charge, because the evidence showed that the car had been stolen at an earlier date. I concur with the majority’s affirmance on the remaining issues.