PER CURIAM.
Wilford Lang (Appellant) filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged his counsel misrepresented the sentence he would receive in connection with his guilty plea to a drug possession charge. Appellant claims that based upon his counsel’s assurance, he agreed to plead guilty to the drug offense provided the sentence would run concurrently with a sentence on a separate, misdemeanor offense. Upon his incarceration, Appellant learned that he would have to serve the sentence imposed in the mis *1220 demeanor conviction after completing his sentence on the drug offense. The trial court summarily denied his petition without conducting an evidentiary hearing or attaching any portions of the record conclusively establishing that Appellant was not entitled to relief.
Affirmative misrepresentations by defense counsel concerning the consequences of a guilty plea may warrant remanding the case to the trial court to either conduct an evidentiary hearing on the allegation or to attach those portions of the record showing the movant is not entitled to relief. See Muschett v. State, 609 So.2d 630, 631 (Fla. 4th DCA 1992)(remanding where defendant alleged ineffective assistance of trial counsel because counsel misled him regarding the gain time and control release consequences of his plea to attempted murder); Regan v. State, 730 So.2d 828, 829 (Fla. 1st DCA 1999)(remanding with directions that trial court identify and attach to order additional portions of record refuting claim of ineffective assistance of counsel given defense counsel’s misleading information that sentences for new offenses would run concurrently with sentence imposed for violation of controlled release); Hightower v. State, 650 So.2d 1086, 1087 (Fla. 1st DCA 1995)(fínding pri-ma facie case for relief under rule 3.850 where defendant alleged that trial counsel or trial court misled him to believe that he would serve two separate sentences concurrently rather than consecutively); and McCoy v. State, 598 So.2d 169, 170 (Fla. 1st DCA 1992)(finding facially sufficient defendant’s ineffective assistance of counsel claim where defense attorney misrepresented the consequences of a plea and defendant alleges he would not have entered plea but for his attorney’s advice).
We find that Appellant stated a sufficiently legal claim. Therefore, we reverse and remand to the trial court with instructions to either hold an evidentiary hearing on Appellant’s claim or attach portions of the record establishing that Appellant is' not entitled to relief.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.