837 So.2d 491 (2003)
Michael BARYCHKO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-562.
District Court of Appeal of Florida, Fourth District.
January 3, 2003.
Marisa Tinkler Mendez of Marisa Tinkler Mendez, P.A., Coral Gables, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Barychko appeals from an order summarily denying his motion for post-conviction relief. Fla. R.Crim. P. 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Barychko was charged with second degree murder in the beating death of victim Luyen Nguyen in a racially motivated fight on August 15, 1992. He was tried along with a co-defendant, Derek Kozma. The jury found Barychko guilty of the lesser included offense of aggravated battery. He timely appealed to this court. We affirmed per curiam without prejudice to Barychko's right to seek post-conviction relief. See Barychko v. State, 699 So.2d 765 (Fla. 4th DCA 1997).
Barychko promptly filed the instant rule 3.850 motion. He raised seven claims of ineffective assistance of counsel. The trial court denied all seven claims without a hearing. We have thoroughly reviewed the record to determine the legal sufficiency of each claim and write to address those claims we deem not to be clearly refuted by the record.
As a general proposition, "[A] defendant is entitled to an evidentiary hearing on a post-conviction relief motion unless (1) the motion, files, and records in the case conclusively show the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." Atwater v. State, 788 So.2d 223, 228 (Fla.2001). When the defendant makes such a motion, *492 he bears the burden of establishing a valid claim. If the basis of the motion is ineffective assistance of counsel, a defendant must allege sufficient evidence to establish counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When no hearing is held on the motion, the reviewing court must accept the facts as alleged by the defendant unless refuted by the record. Atwater, 788 So.2d at 228.
We find Barychko's second, third, and fourth claims to be worthy of an evidentiary hearing. Barychko alleges he was prejudiced by counsel's ineffectiveness when counsel improperly opened the door to the admissibility of an incriminating hearsay statement, allowed the incriminating statement to be utilized in closing argument without objection, and failed to properly and timely file a motion to suppress statements made by him during the taped interviews taken by the police.
While the record attachments do suggest that counsel may have delayed in moving to suppress until jeopardy attached for strategic purposes, "a trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing." Guisasola v. State, 667 So.2d 248, 249 (Fla. 1st DCA 1995). In any event, it seems very likely that employing such a trial strategy in this case may have constituted deficient performance. This is especially true, in light of the fact that the trial court emphasized over and over to counsel that it would hear a defense motion to suppress any time before trial, but that it would not hear one after jeopardy attached unless the motion raised matters that could not have been raised earlier.
We find that the record and attachments before us do not conclusively show that Barychko is not entitled to relief on these claims. Furthermore, it cannot be determined from the facts and circumstances in the existing record whether counsel's determinations are acceptable "tactical or strategic" decisions. Id.
Accordingly, we reverse the summary denial of the second, third, and fourth grounds of Barychko's motion and remand either for the attachment of additional portions of the record or an evidentiary hearing. The order of summary denial is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
STONE, FARMER and MAY, JJ., concur.