ALTENBERND, Judge.
William Carter challenges the order of the postconviction court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he alleged that his plea was involuntarily entered. We reverse the order of summary denial and remand to the postconviction court for an evidentiary hearing.
Mr. Carter was originally charged in count one of the information with attempted robbery with a firearm, a second-degree felony. See §§ 812.13(2)(a); 777.04(1),(4)(c), Fla. Stat. (2005).[1] The information also alleged that Mr. Carter was subject to a ten-year minimum term of imprisonment under section 775.087(2)(a)(l), Florida Statutes (2005), the 10/20/LIFE statute, for possessing a firearm during the attempted robbery. In count two, Mr. Carter was charged with possession of a firearm, ammunition, or concealed weapon by a convicted felon, a second-degree felony. § 790.23(1),(3), Fla. Stat. (2005). Pursuant to a plea negotiation, the State filed an amended, single-count information charging attempted robbery with a weapon, a second-degree felony. See §§ 812.13(2)(b); 777.04(1),(4)(c). However, at the July 25, 2007, plea hearing, both the prosecutor and defense counsel indicated that Mr. Carter was pleading to the offense of attempted robbery with a firearm/deadly weapon in exchange for a sentence of 7.5 years’ prison as a habitual violent felony offender (HVFO). The State did not request that the trial court impose the ten-year minimum mandatory sentence required by section 775.084(4)(b), nor did it seek the ten-year minimum mandatory sentence required by the 10/20/ LIFE statute. The State also waived any right it had to have Mr. Carter sentenced as a Prison Releasee Reoffender (PRR).
Mr. Carter alleged in his motion that at the time of the plea, he was serving a sentence of thirty-three months’ imprisonment in a separate case. There was no mention of this existing sentence at the plea hearing. At the August 29, 2007, sentencing hearing, the trial court imposed the agreed upon sentence.[2] The court did not state whether the sentence was to run concurrently with or consecutively to any existing sentence, and by operation of law the sentence runs consecutively to the preexisting thirty-three month sentence. § 921.16(1), Fla. Stat. (2005).
In the sole ground in his motion, Mr. Carter alleged that his plea was involuntary because trial counsel advised him that the present sentence would be run concurrently with the thirty-three-month prison sentence that he was serving at the time.[3] *244 He further alleged that had he known that his HVFO sentence would be run consecutively to the existing sentence, he would not have pleaded but would have proceeded to trial. Mr. Carter presented a facially sufficient claim for relief. See Sawyers v. State, 566 So.2d 942, 942 (Fla. 2d DCA 1990); Lang v. State, 758 So.2d 1219, 1219-20 (Fla. 4th DCA 2000). The post-conviction court denied the claim, finding that it was not supported by the transcript of the plea hearing, which did not contain any mention of concurrent or consecutive sentences. The postconvietion court also found that the claim was inherently incredible because Mr. Carter could have received life in prison as a habitual offender. This finding is inaccurate because Mr. Carter was originally charged with two second-degree felonies. We conclude that the postconviction court erroneously denied the motion and that Mr. Carter is entitled to an evidentiary hearing on his claim.
Mr. Carter sought either to have the sentence in the present case run concurrently with his prior sentence, which he alleged was his understanding of the plea agreement, or to withdraw the plea and proceed to trial. Mr. Carter is not entitled to be resentenced according to his understanding of the plea agreement; the only relief available to him is to withdraw his plea.[4] See Green v. State, 857 So.2d 804, 305-06 (Fla. 2d DCA 2003). Should Mr. Carter be successful in withdrawing his plea, the State will no longer be bound by the plea agreement. Id. The State, at such time, may proceed under the original information and reinstate count two. If Mr. Carter is convicted after a trial, he may be sentenced to a significantly longer term of imprisonment than he is currently serving. Id.
Reversed and remanded for further proceedings.
WHATLEY and SILBERMAN, JJ., Concur.

. The information inaccurately stated that attempted robbery with a firearm was a first-degree felony.

. The trial court did not indicate whether it was adjudicating Mr. Carter guilty of attempted robbery with a firearm/deadly weapon or attempted robbery with a weapon. The attachments to the postconviction court's order do not contain the judgment and sentence, and this court is unaware of which offense Mr. Carter was ultimately convicted.

.Mr. Carter was being held in county jail pending trial on the present case while he was also serving the thirty-three-month prison sentence. Mr. Carter received 373 days jail credit on the 7.5 years’ HVFO sentence. As it stands, Mr. Carter will serve fewer than two *244 years more than he would have had the sentences run concurrently.

. The State may agree to run the present sentence concurrently with his prior sentence, and the postconviction court may resentence Mr. Carter accordingly.