PER CURIAM.
Defendant-appellant J.C. Joyner appeals an order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse.
Defendant entered negotiated pleas in two circuit court cases and was sentenced accordingly. By sworn motion for postconviction relief he alleges that he told his defense counsel and defense counsel’s investigator that he has a long history of drug and alcohol abuse, and was drunk and high during the commission of the charged offenses, which were specific intent crimes. He states that trial counsel was ineffective in advising him that he had no defense to the charged crimes, when voluntary intoxication would have formed a defense to the specific intent crimes charged.
Under Florida Rule of Appellate Procedure 9.140(i), “[u]nless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Allegations similar to those made by the defendant in this case have been held sufficient to preclude a summary denial of post-conviction relief. See Hester v. State, 23 Fla. L. Weekly D1567, - So.2d - (Fla. 1st DCA 1998); Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995); Durden v. State, 657 So.2d 919 (Fla. 5th DCA 1995); Jenkins v. State, 625 So.2d 883 (Fla. 1st DCA 1993). We therefore reverse the order under review and remand for the trial court to attach portions of the record conclusively refuting the defendant’s allegations, or to conduct an evidentiary hearing. See Jenkins v. State, 625 So.2d at 885.