GOSHORN, J.
Daniel Soloman appeals the order denying his rule 3,850 motion for post-conviction relief without a hearing. He contends a hearing is necessary on his claim that his attorney was ineffective for failing to put on evidence of his intoxication and request an instruction thereon. We agree and reverse for an evidentiary hearing.
Defendant asserts that he told his attorney before trial that he had been drinking and smoking marijuana the day of the crime and had used crack cocaine fifteen minutes before committing the crime. His attorney assertedly did not investigate his claim, but instead argued self defense as a defense against the charge of attempted second-degree murder.[1] The jury found Defendant guilty of aggravated battery, a lesser included offense of attempted second-degree murder. While a voluntary intoxication defense would have been unavailing against the general intent crime charged,[2] evidence of Defendant’s intoxication would have supported a voluntary intoxication instruction limited to the aggravated battery instruction. Berry v. State, 586 So.2d 1229 (Fla. 4th DCA 1991) (voluntary intoxication is a defense to the specific intent crime of aggravated battery). A hearing is necessary to determine whether there was evidence of Defendant’s intoxication at the time he committed the crime, whether he informed his trial counsel of his intoxication, and whether the counsel made a strategic decision not to present such evidence, assuming the existence thereof.
We note that evidence of a defendant’s use of drugs before committing a crime does not require a jury instruction on voluntary intoxication; evidence of the use of intoxicants is not the equivalent of evidence of intoxication. Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985); McInnis v. State, 642 So.2d 831 (Fla. 2d DCA 1994). Assuming there was relevant evidence of Defendant’s intoxication, trial counsel may well have made a reasonable strategic decision not to put this evidence before the jury, preferring instead to focus the jury on the self defense argument to negate the more serious crime. Without a hearing, the effectiveness of trial counsel’s representation cannot be judged.
REVERSED' and REMANDED for further proceedings.
DAUKSCH and GRIFFIN, JJ., concur.

. This court has recently certified the question whether the crime of attempted second degree murder even exists in Florida. Brown v. State, 733 So.2d 598 (Fla. 5th DCA 1999).

. Involuntary intoxication does not provide a defense to a general intent offense. Linehan v. State, 476 So.2d 1262, 1264 (Fla.1985).