PER CURIAM.
Appellant’s rule 3.850 motion, alleging that his counsel was ineffective for failing to depose and call as a witness the Bro-ward sheriffs DNA expert, was denied without a hearing. Appellant alleges that the expert would have testified as to the absence of his DNA on the victim or in any relevant area. The state argues" that the decision not to call the DNA expert was a trial strategy decision. Normally, trial strategy decisions cannot be determined under the circumstances in this case without an evidentiary hearing. Evans v. State, 737 So.2d 1167 (Fla. 2d DCA 1999)(citing Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995)). Nor do we agree with the state that this can be resolved without an evidentiary hearing on the state’s theory that the DNA expert would have been cumulative to the testimony of the sexual assault nurse practitioner who examined the victim after the alleged sexual battery and found no semen or signs of genital trauma. There is a significant difference between what a nurse might observe with the naked eye and what DNA testing might reveal. We therefore reverse and remand for further proceedings.
WARNER, C.J., and KLEIN J., concur.
SHAHOOD, J., dissents with opinion.