PER CURIAM.
Gary King appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively show that defendant is not entitled to relief on the voluntary intoxication ground, see Soloman v. State, 741 So.2d 1211 (Fla. 5th DCA 1999); Joyner v. State, 728 So.2d 329 (Fla. 3d DCA 1999), we reverse the order and remand the cause for an eviden-tiary hearing on that ground. We affirm the order as to the remaining grounds.
Contrary to the dissent’s position, the evidence that it refers to in support of the assertion that counsel “explored the possibility of presenting such a defense and concluded that it was not available,” Soron-do, J. dissenting at 329-30, is not disposi-tive of this case. It is not enough that counsel “considered the defense and discarded it as unavailable.” Id. Rule 3.850 requires that the record conclusively show that defendant is not entitled to relief. Neither counsel’s statement nor defendant’s alleged presence during that statement conclusively demonstrate that counsel competently considered the intoxication defense, i.e. that counsel determined that the witnesses’ testimony would not be helpful, that the witnesses were unavailable, or that they did not exist.
Affirmed, in part; reversed, in part; and cause remanded.
GERSTEN and SHEVIN, JJ., concur.
SORONDO, J., dissents.