PER CURIAM.
Richard Nixon challenges the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Nixon raises seventeen grounds for relief, only two of which have merit. We reverse and remand for further proceedings on his ninth and tenth claims that his counsel was ineffective for failing to present the testimony of Officer Kubas and for failing to introduce the five hour police video of him that was taken immediately following his arrest in order to prove his defense of voluntary intoxication. We affirm Nixon’s remaining claims without discussion.
Nixon was indicted for first-degree murder and aggravated child abuse of Tinichia Nixon on March 22, 1994. Nixon confessed to the police about killing the child.
At his first trial, Nixon advanced a defense of voluntary intoxication. The trial concluded in a mistrial with a hung jury.
At his second trial, which took place only days later, Nixon again admitted to killing the victim, and again, presented the defense of voluntary intoxication.
On May 7, 1996, Nixon was sentenced to life in prison with a 25-year minimum mandatory. Subsequently, this court affirmed his judgment and sentence. See Nixon v. State, 694 So.2d 157 (Fla. 4th DCA 1997). Nixon contends that his counsel was ineffective for failing to present the testimony of Officer Kubas at his second trial. Officer Kubas was the first officer to arrive after the offense occurred and whose testimony was presented at Nixon’s first trial. In his motion, Nixon stated that Officer Kubas testified at the first trial that Nixon appeared to be intoxicated.
It is clear that when Nixon’s second trial began, Officer Kubas was on disability and was unable to attend the trial. Nixon, however, maintains that Officer Kubas’ testimony should have been read into evidence. Nixon further contends that Officer Kubas’ testimony would have precluded the state from arguing at trial that “there was no competent evidence to support an inferrence (sic) of consumption of intoxicants,” and in a side bar, that “there is no evidence that he consumed a large amount of cocaine.”
Nixon alleges that the prejudice is evident from the fact that the first trial ended in a hung jury, while the jury in the second case found him guilty of first-degree murder.
*609 In its response below, the state argued, although Officer Kubas was unavailable, another police officer, Officer Steven Bar-tanowitz testified to facts similar to what Officer Kubas would have testified. Moreover, the state urges in light of Officer Bartanowitz’ testimony, Officer Kubas’ testimony would have been cumulative.
On the record evidence before this court, the state’s contention that Officer Barta-nowitz’ testimony in the second trial would have been similar to how Officer Kubas testified at the first trial appears to be factually incorrect.
Upon review of the record attachments, Officer Kubas gave the following deposition testimony:
Q: Did you ask him (Nixon) any questions other than the perfunctory questions such as his name? Like, “What happened here?”
A. (No verbal response.)
Q. Do you remember any responses? Did he volunteer anything? Any -admissions?
A. He was rambling on. A lot of incoherent, so -
Q. But he appeared to be under the influence of drugs, right?
A. The influence of something. I don’t know what.
(Emphasis added).
In contrast, when asked at Nixon’s second trial about his sobriety, Officer Barta-nowitz testified, “I really couldn’t tell that he was on anything at the time. I mean, he didn’t seem normal, but I couldn’t say for sure that he was intoxicated with anything.”
As such, Officer Kubas’ testimony would not have been cumulative. In fact, from the record before this court, Officer Kubas may have been the only witness to offer any support for Nixon’s defense of voluntary intoxication. See King v. State, 766 So.2d 329 (Fla. 3d DCA 2000) (holding that the defendant was entitled to evidentiary hearing on postconvietion relief claim of ineffective assistance of counsel based on failure to provide evidence for voluntary intoxication defense, although counsel had stated during pre-trial hearing that defendant was not intoxicated, as neither counsel’s statement nor defendant’s alleged presence during statement conclusively demonstrated that counsel competently considered intoxication defense and determined that witnesses’ testimony would not be helpful, that -witnesses were unavailable, or that they did not exist).
Since this court determines that Officer Kubas’ testimony would not be cumulative, and the state fails to conclusively refute Nixon’s legally sufficient claim, the summary denial of this claim is reversed.
In his tenth claim, Nixon alleged that his counsel was ineffective for failing to introduce the initial police video. Nixon contends that the video would likewise show his intoxicated condition. In its response below, the state attorney maintained that the tape, that would only show Nixon mumbling and rambling, was already in evidence at the second trial through the testimony of Office Bartanow-itz when he testified that Nixon was mumbling. Moreover, the State maintained that Nixon’s confession, that was given to the police the day after the incident and his arrest, refutes the assertion that Nixon was intoxicated. Simply stated, the state’s response below circumvents Nixon’s argument. Similarly, the state’s contention that the introduction of the video tape would have been cumulative is not evident on the record before this court.
Since neither the video tape, nor a transcript of the tape is before this court, there is no way to determine whether the tape would show that Nixon was intoxicated.
If, however, Nixon’s claim is correct that the tape would show he was intoxicated, the evidence would not be cumulative because there appears to be no other testimony in the second trial to support his defense of voluntary intoxication. See Davis v. State, 571 So.2d 118 (Fla. 5th *610 DCA 1990) (holding that when the trial .court summarily denies motion for post-conviction relief without holding an eviden-tiary hearing or attaching portions of record to refute allegations, review is limited to determining whether, accepting allegations as true, the motion conclusively shows defendant is not entitled to relief). Since Nixon’s claim is not conclusively refuted, the summary denial of claim ten is reversed.
On remand, the trial court shall either attach those portions of the record that conclusively refute these claims or conduct an evidentiary hearing on them to determine whether counsel was ineffective.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
POLEN, KLEIN and SHAHOOD, JJ., concur.