867 So.2d 515 (2004)
Juan BENTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1205.
District Court of Appeal of Florida, First District.
February 26, 2004.
*516 Appellant, Pro se.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant Juan Bentley appeals the denial of various postconviction claims, three of which were denied summarily and four of which were denied after an evidentiary hearing. We affirm without discussion as to all but one claim. Because the appellant's fifth claim is facially sufficient and is not conclusively refuted by the record, we reverse the trial court's summary denial of this claim.
The appellant's fifth claim alleged that defense counsel was ineffective for failing to impeach Sheddrick Bentley, the appellant's cousin and a key witness for the State, who testified that the appellant confessed to the crime on two separate occasions. Sheddrick testified that the appellant first confessed to the robbery while the appellant was living with him, that the appellant owned a chrome revolver, and that the appellant had a lot of money after the robbery. Sheddrick also testified that the appellant repeated his confession while the two were in jail. The confession in jail was detailed and described how the robbery took place. On cross-examination, defense counsel questioned Sheddrick about a prior felony conviction and the fact that he was facing other charges at the time of trial. The appellant claims that defense counsel should have impeached Sheddrick based on the fact that Sheddrick and the appellant were never incarcerated together and the fact that Sheddrick was given a copy of Detective R.P. Crews deposition describing the details of the robbery.
The trial court summarily denied the appellant's claim because defense counsel impeached Sheddrick based upon his prior convictions and motives and, therefore, any further impeachment would have been cumulative. This was error. If the appellant's allegations are true, defense counsel was ineffective for failing to sufficiently impeach the State's key witness with noncumulative impeachment evidence. See Ventura v. State, 794 So.2d 553, 567 (Fla. 2001); Williams v. State, 673 So.2d 960, 961-62 (Fla. 1st DCA 1996); Nixon v. State, 773 So.2d 607 (Fla. 4th DCA 2000); Porter v. State, 626 So.2d 268, 269 (Fla. 2d DCA 1993). Therefore, the appellant stated a facially sufficient claim.
In response to a show cause order pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the State argues that the record conclusively refutes the appellant's claim. The State points out that Sheddrick first spoke with Detective Crews on November 12, 1997. It was therefore totally *517 impossible, argues the State, for Sheddrick to rely on a deposition of Detective Crews that was not taken until March 20, 1998. Therefore, the State asserts, defense counsel could not have been ineffective for failing to impeach Sheddrick based on the deposition, and the appellant's claim is frivolous.
We disagree with the State that the record conclusively refutes the appellant's claim. It is unclear from the available record when the appellant's alleged jailhouse confession took place. The second of two confessions to Sheddrick, the jailhouse confession was allegedly much more detailed, describing the manner in which the robbery took place. If the detective's deposition was provided to Sheddrick before the alleged jailhouse confession, then Sheddrick's testimony becomes suspect and subject to impeachment. Moreover, the appellant claims that he and Sheddrick were never together while incarcerated. The available record is silent as to this allegation.
Accordingly, because the appellant has stated a facially sufficient claim that is not refuted by the record, the trial court's summary denial of the appellant's fifth claim is reversed and remanded for the attachment of record portions conclusively refuting the appellant's claim or for an evidentiary hearing. See Lucas v. State, 841 So.2d 380, 388-89 (Fla.2003).
Affirmed in part; Reversed in part and Remanded with directions.
ERVIN, BARFIELD and POLSTON, JJ., concur.