PER CURIAM.
Angela Woods appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground one without comment. Because the postconviction court erred in summarily denying ground two of Woods’ motion, we reverse and remand.
In ground two, Woods alleged that her counsel was ineffective for failing to impeach Detective Vince Newman with a pri- or inconsistent statement. At trial, Detective Newman testified he went undercover to a house to purchase Roxicodone from someone named Angie in a deal set up by a confidential informant. At the house, the seller was uncomfortable selling to a new buyer and insisted on negotiating the deal through the bathroom door. Detective Newman purchased Roxicodone and crack cocaine from the seller. Despite her efforts at concealing her identity, Detective Newman testified he was able to see the seller through the two-to-three-inch opening between the door and the doorjamb, or doorframe, on the hinged side of the door. Prior to the transaction, Detective Newman had not met Woods. However, Detective Newman identified Woods in open court and recognized the picture he used to identify her after the buy. Detective Newman also testified that there was a mirror behind the sink and when the seller turned around to retrieve the drugs, he “could clearly see her in the mirror reaching down.” Woods alleged that this statement contradicted Detective Newman’s deposition testimony that there was not a mirror in the bathroom.
On cross-examination, Detective Newman stated that he did not look through the opened side of the door. Rather, he peered through the two-to-three-inch gap on the hinged side. While Detective Newman testified that the entire transaction probably lasted less than five minutes, he conceded he was not sure exactly how much of the time he was able to see Woods. Detective Newman also stated that he located Woods by searching “Angie” or “Angela” in a database. Counsel then brought Detective Newman’s attention to his earlier deposition. Counsel asked: “Do you recall me asking you specifically as to whether or not you saw a mirror in the bathroom?” Detective Newman responded: “I don’t remember.” Counsel went no further with this line of inquiry. She neither read nor played the inconsistent statement in court. After a couple more unrelated questions, counsel ended cross-examination. Woods insisted that had counsel followed through with her attempt at impeachment, there is a reasonable probability that the outcome would have been different because Detective Newman’s testimony was the only evidence identifying her as the seller.
*763 The postconviction court denied this claim, finding that counsel impeached Detective Newman sufficiently. The court noted that Detective Newman admitted to only viewing Woods briefly through a small opening on the hinged side of the bathroom door and that Detective Newman conceded he could not remember whether there was a mirror in the bathroom that enabled him to see the person selling drugs from behind the door.
The postconviction court erred in summarily denying this claim. The court’s finding that Detective Newman conceded not being able to remember whether there was mirror is not supported by the record. When Detective Newman stated, “I don’t remember,” he was not testifying that he did not remember whether there was a mirror — he was responding to counsel’s question as to whether he recalled being asked if there was a mirror in the bathroom. ' Detective Newman was stating that he did not remember counsel asking him previously about the mirror.
The proposed impeachment is significant because Wood’s sole defense at trial was mistaken identity and it is not cumulative. See Bentley v. State, 867 So.2d 515, 516 (Fla. 1st DCA 2004) (finding counsel ineffective for failing to sufficiently impeach the State’s key witness where counsel impeached with a prior felony conviction but failed to inquire into other avenues of impeachment). Here, the only evidence identifying Woods as the seller was Detective Newman’s testimony. While counsel attacked Detective Newman’s opportunity to observe the matters to which he testified, “the fact that a witness is impeached on other matters does not necessarily render the additional impeachment cumulative.” Cardona v. State, 826 So.2d 968, 974 (Fla.2002) (evaluating prejudice in a Brady[1] analysis).
Given the circumstances of the identification, Woods stated a facially sufficient claim, and the postconviction court erred in denying it on the basis that Detective Newman was adequately impeached. Accordingly, the postconviction court’s summary denial of ground two of the motion is reversed and remanded. On remand, the postconviction court shall either attach portions of the record conclusively refuting Woods’ claim or hold an evidentiary hearing. It appears that Woods is scheduled for release in June 2014. Therefore, the proceedings below shall be expedited.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, SILBERMAN, and SLEET, JJ., Concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).