DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT BURKELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4122

[July 8, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 03-021532CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Robert Burkell challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied a majority of Burkell's claims and held an evidentiary hearing to address others. We affirm on all but two related points and reverse and remand for further review.

Robert Burkell was indicted for the first degree murder of Charles Bertheas. Bertheas lived in a room in the Burkell home. A jury found Burkell guilty as charged and the trial court sentenced him to life in prison without parole. The jury made a special finding that Burkell was guilty of premeditated, as opposed to felony, murder.

The facts of the case are set forth in this Court's opinion that affirmed Burkell's direct appeal and addressed the denial of his motion for judgment of acquittal. *See Burkell v. State,* 992 So. 2d 848 (Fla. 4th DCA

2008). Significantly, with respect to the victim's injuries and cause of death, the opinion states:

> In addition to multiple lacerations and extensive bruising, the victim had been struck in the eye with sufficient force to rupture it. Dr. Price found extensive fractures to the victim's facial bones. The anterior base of his skull was also crushed. The cause of death was blunt force trauma to the head caused by between fourteen and eighteen blows, including massive blows to the frontal area.

*Id.* at 850.

Within points one and two of his motion, Burkell alleged trial counsel was ineffective for failing to present medical evidence that he was physically incapable of inflicting the types of blows that must have caused the victim's fatal injuries. He alleged that evidence of his physical limitations precluded him from using any weapon, be it heavy or light, or even his bare hands.

Burkell alleged that he has physical limitations with his right hand, left wrist, and shoulder, all of which were verifiable through medical records. His allegations are facially sufficient to state a prima facie claim for ineffective assistance of counsel. *See Lopez v. State,* 773 So. 2d 1267, 1268 (Fla. 5th DCA 2000).

On appeal from a summary denial of a rule 3.850 motion, this Court must reverse "unless the [postconviction] record shows conclusively that the appellant is entitled to no relief." Fla. R. App. P. 9.141(b)(2)(D). When summarily denying this claim, the trial court looked to comments in the record to show that Burkell was not physically impaired because he "converted the family room into a bedroom and living room area for Mr. Bertheas." The records before this Court do not clearly reflect that Burkell performed the physical labor associated with the remodeling.

On remand, the trial court may either attach additional portions of the record, if any, refuting appellant's allegations or hold an evidentiary hearing on this claim.

*Affirmed in part, Reversed in part, and Remanded with directions.*

GROSS, TAYLOR and MAY, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*