737 So.2d 1167 (1999)
David F. EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00495.
District Court of Appeal of Florida, Second District.
July 2, 1999.
*1168 PER CURIAM.
David Evans appeals the trial court's summary denial of his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850, challenging the judgment and sentence of 80.8 months for robbery[1] with a firearm and possession of a VIN plate.[2]
We affirm without comment the trial court's denial of all of Evans' claims except for ground two, which pertains to his attorney's failure to cross-examine a State expert witness about a certain test she relied upon in concluding that his client was not insane.
The witness, a psychologist, administered a test known as the MMPI-2 (Minnesota Multiple Personality Index) examination upon Evans. It is alleged in the motion that the wrong answer sheet, one which did not contain a sufficient number of corresponding answer spaces, was issued to Evans. It is further alleged that although this witness based her assessment of Evans, in part, upon this test, his lawyer never cross-examined her about this irregularity. Neither of these allegations appear controverted by the record.
The trial court denied the claim, finding that the transcript reflected that both Evans and his attorney conferred upon the conclusion of this witness' testimony and stated that they desired no further cross-examination of her. The court ruled that Evans had an opportunity to raise this question but failed to do so and inferred that he should be precluded from now claiming this omission as a basis of postconviction relief.
A client's acquiescence in trial counsel's conduct does not necessarily insulate the lawyer's performance from judicial review in a postconviction proceeding. This principle especially applies to the area of cross-examination of an expert witness, which many regard as among the most challenging tasks faced by a trial attorney.
The MMPI-2 test was one of two relied upon by this witness, the only one offered by the State in rebuttal of Evans' insanity defense. The reliability of the test results would have been critically diminished if Evans was not provided with the correct answer sheet. The failure of trial counsel to cross-examine this witness on an aspect of this test which would have undermined its dependability satisfies the prejudice prong required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A trial court's finding that defense action or inaction is the result of trial strategy will generally be disapproved if the decision is made without the benefit of an evidentiary hearing. See Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995). The failure of Evans' attorney to pursue this issue on cross-examination, unrefuted by attachments to the record, warrants an evidentiary hearing.
Accordingly, we reverse the order of the trial court in part with instructions that an evidentiary hearing be conducted unless additional record attachments to a subsequent denial refute this facially sufficient claim.
*1169 Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] § 812.13(b), Fla. Stat. (1995).
[2] § 319.33(d), Fla. Stat. (1995).