PER CURIAM.
Kyle Dylan Moran appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Moran’s motion alleges three claims. We affirm the trial court’s denial of Moran’s first claim that the trial court erred in imposing a departure sentence for his burglary and attempted robbery convictions. Without passing on the merits of Moran’s claim, our affirmance is without prejudice to Moran’s ability, if any, to file a properly pleaded motion pursuant to Florida Rule of Criminal Procedure 3.800. See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998); Lomont v. State, 506 So.2d 1141 (Fla.2d DCA 1987).
We reverse the trial court’s summary denial of Moran’s other two claims. Moran contends that his counsel was ineffective for: (1) failing to conduct an inquiry of the jurors after the jury observed photographs of the victim, excluded by court order, during the prosecution’s presentation; and, (2) failing to investigate and locate witnesses associated with the alleged misconduct of a juror that was presented at a hearing on Moran’s motion for new trial.
The trial court denied the first of these claims, concluding that Moran failed to show how he was prejudiced. We disagree with this disposition of Moran’s claim. Moran’s motion alleges that during direct examination by the State, the prosecutor had a stack of photographs on the podium. Moran claims that the photographs were gruesome pictures of the victim that had been excluded by the trial court.' Despite the order excluding the photographs, Moran maintains that the prosecutor pointed to them, shuffled them, and restacked the photographs during the State’s case. Moran asserts that when he saw the jurors looking at the photographs, he advised his lawyer. Moran’s lawyer asked for a sidebar, after which the photographs were removed. There is no transcript of the proceedings surrounding the sidebar.
Moran’s motion specifically alleges that his attorney was ineffective for failing to inquire as to whether the jurors were prejudiced by viewing the photographs. Moran claims that this error resulted in serious prejudice to his right to a fair and impartial trial. We find that this states a facially sufficient claim for relief and that the trial court’s order fails to refute it. Cf. Sayih v. Perlmutter, 561 So.2d 309 (Fla. 3d DCA 1990) (citing Dartnell v. Bidwell, 115 Me. 227, 98 A. 743 (1916) (permitting photographs which have been excluded from evidence to go into jury room is reversible error if they were of such a character as to influence the jury)).
In his next claim, Moran alleges his counsel was ineffective in conducting the hearing on the motion for new trial. Moran alleges that despite the fact that Moran’s counsel knew where potential, witnesses for the hearing worked, and had enough information to identify and locate them, none of these witnesses were procured for the hearing. In denying this claim, the trial court determined that Mor *134 an’s counsel was not ineffective because counsel filed motions to interview a juror and for new trial, a hearing was held, and the motion for new trial was denied. This fails to conclusively refute his claim. See Morales v. State, 731 So.2d 91 (Fla. 4th DCA 1999) (holding that an evidentiary hearing was warranted with respect to defendant’s ineffective assistance of counsel claim, where defendant alleged that counsel was ineffective for failing to investigate witnesses and alleged that he gave counsel sufficient information to locate the witnesses).
We accordingly reverse as to these two claims. The trial court shall either provide attachments from the record that conclusively refute Moran’s claims or conduct an evidentiary hearing on them.
Affirmed in part, reversed in part, and remanded.
PATTERSON, C.J., and THREADGILL and BLUE, JJ„ Concur.