805 So.2d 88 (2002)
Brian S. KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4026.
District Court of Appeal of Florida, Second District.
January 18, 2002.
SALCINES, Judge.
Brian S. Kelley timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Kelley raises nineteen issues. We affirm eighteen of the issues without comment. We reverse and remand on the remaining issue.
Kelley claims that one of the jurors slept through substantial portions of the State's case and had to be awakened by a bailiff. Kelley identifies several people who spoke to defense counsel about the sleeping juror during the trial. Defense counsel used this issue to move for a new trial, but at the hearing on the motion for new trial, defense counsel told the trial court that Kelley had authorized him to waive the issue. Kelley denies this and further alleges that his defense attorney told him he would obtain affidavits from witnesses and the bailiff. Nothing in the record indicates that he contacted the bailiff. Kelley alleges that defense counsel failed to investigate the motion fully, failed to file the affidavits, and then waived the issue without Kelley's permission, telling the trial court that his motion could not be substantiated.
Kelley has made a facially sufficient claim which the trial court failed to refute conclusively. See Moran v. State, 750 So.2d 132 (Fla. 2d DCA 2000) (holding that defendant made a facially sufficient claim by alleging that trial counsel knew of potential witnesses, but failed to investigate and produce them at a motion for new trial based on juror misconduct). We reverse and remand on this claim. In spite of the trial court's recognized diligence observing the jury during the trial, the bailiffs recollections would have clarified this matter. The trial court shall either provide attachments from the record that conclusively *89 refute Kelley's claim or conduct an evidentiary hearing on the issue.
Affirmed in part, reversed in part, and remanded.
FULMER and DAVIS, JJ., Concur.