828 So.2d 1086 (2002)
Jimmie J. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1830.
District Court of Appeal of Florida, First District.
October 30, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion and supplement, the appellant brought three distinct claims. The appellant's second claim is without merit, and his third claim is procedurally barred. However, we reverse the summary denial of the appellant's first claim, that his counsel was ineffective for failing to notify the trial court that a juror was sleeping during critical trial testimony.
The trial court denied the claim as facially insufficient, reasoning that the appellant did not properly allege that he was prejudiced. However, we conclude that under Florida law the appellant's claim is facially sufficient where he alleged that his counsel failed to notify the court that a juror was sleeping during testimony concerning the identification of the appellant *1087 as the perpetrator and the subsequent impeachment of that identification. See McClendon v. State, 765 So.2d 247 (Fla. 1st DCA 2000); Bieser v. State, 677 So.2d 59 (Fla. 1st DCA 1996); Kelley v. State, 805 So.2d 88 (Fla. 2d DCA 2002); McGraw v. State, 796 So.2d 1205 (Fla. 4th DCA 2001).
Accordingly, we REVERSE the summary denial of the appellant's first claim and REMAND to the trial court for an evidentiary hearing to determine whether his counsel was ineffective for failing to inform the trial court that a juror was asleep during presentation of the evidence. The summary denial of the remaining issues is AFFIRMED.
BARFIELD, MINER and POLSTON, JJ., concur.