842 So.2d 967 (2003)
Timothy ERLSTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2461.
District Court of Appeal of Florida, Fourth District.
April 2, 2003.
Rehearing Denied May 7, 2003.
*968 Timothy Erlsten, Avon Park, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Following a jury trial, Appellant was convicted as charged of one count of aggravated kidnapping and one count of lewd and lascivious act on a child under sixteen. The third ground of his motion was that his trial counsel was ineffective for failing to make a contemporaneous objection to a sleeping juror. He alleged that he notified counsel in the course of the trial that the juror was sleeping through most of the trial and asked if the alternate could take her place, but counsel advised, "we'll see" and did not raise the issue until after Appellant's sentencing, in a motion for new trial, when he argued that Appellant effectively was convicted by a jury of five. Had counsel objected contemporaneously, Appellant argued, the alternate could have taken the sleeping juror's place. He acknowledged it would be impossible to demonstrate how one juror's inattentiveness affected the verdict, but insisted that counsel's actions deprived him of a jury of six.
We agree with Appellant that raising the issue of a sleeping juror after the verdict is quite different from making a contemporaneous objection during trial; the fact that the issue of trial court error in denying the motion for new trial was preserved for appeal thus relates to an issue different from counsel's alleged ineffectiveness in delaying to raise the matter. See generally Yates v. State, 26 Fla. 484, 7 So. 880, 884 (1890) (where counsel raised issue that juror was sleeping during trial in motion for new trial, appellate court would not interfere with discretion of trial court in overruling motion; however, the court also commented that "if the juror was sleeping, and that fact was at the time known to the accused or his counsel, it should have been brought to the attention of the court, but, failing to do so, the objection, if it could be called one, was waived ") (emphasis added).
This court has previously reversed the summary denial of rule 3.850 motions in which the defendant alleged his trial counsel was ineffective in failing to object to a sleeping juror. See, e.g., Simo v. State, 790 So.2d 1190 (Fla. 4th DCA 2001); McGraw v. State, 796 So.2d 1205 (Fla. 4th DCA 2001); Kesick v. State, 448 So.2d 644 (Fla. 4th DCA 1984). Other courts have done so as well. See, e.g., Wilson v. State, 828 So.2d 1086 (Fla. 1st DCA 2002); Kelley v. State, 805 So.2d 88 (Fla. 2d DCA 2002). Counsel may have had strategic reasons for not seeking to replace the sleeping juror during the trial, but a trial court's finding that a decision was tactical *969 usually is inappropriate without an evidentiary hearing. See, e.g., Evans v. State, 737 So.2d 1167 (Fla. 2d DCA 1999) (citing Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995)).
Accordingly, we reverse the summary denial of this ground for either an evidentiary hearing or the attachment of portions of the record that conclusively refute this ground for relief. We affirm without discussion the summary denial as to the balance of the motion for post-conviction relief.
FARMER, GROSS and MAY, JJ., concur.