931 So.2d 1010 (2006)
Jermaine VIRGO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4523.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
Rehearing Denied July 11, 2006.
*1011 Kayo E. Morgan of Kayo E. Morgan, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Jermaine Virgo, was convicted of two counts of armed robbery which occurred in a convenience store on April 15, 2001. We find the four issues raised by Virgo to be without merit and affirm Virgo's conviction and sentence.
At trial the state presented the testimony of the two employees of the Circle K who were present when two masked men, one of whom was carrying a gun, entered and took money from the store's cash register and from one employee and a customer. The witnesses described the clothes worn by the gunman and the bandanna over the lower half of his face. They also testified that the robbers were African-American. The state showed the videotape taken in the store which showed the men's clothing. The victims described the gun as dark in color or black.
On April 19, four days after the robbery, the City of Margate police received a BOLO for a pickup truck involved in a *1012 robbery that had just happened. Officer Robert Wagner observed the truck and saw both the driver and the passenger, later identified as Virgo and Marcelle Wright, respectively. When Virgo and Wright saw Officer Wagner, they fled in the truck. Officer Wagner gave pursuit and followed the truck down a dead-end street. When the truck stopped, both doors opened and the two occupants fled on foot. Officer Wagner pursued the driver and another officer, who had joined the chase, ran after the passenger. Officer Wagner was unable to catch the driver but the police found Virgo's driver's license in the truck and Wagner was able to identify Virgo as the driver who fled the truck.
Also found in the truck, which was registered to Virgo, was clothing which matched the description given by the Circle K victims and shown on the videotape of the robbery.
Although Virgo was not captured after the vehicle chase, his passenger, Marcelle Wright, was. Upon his arrest, Wright confessed that he and Virgo committed the robberies at the Circle K. He testified against Virgo at trial.
Virgo raises four issues on appeal. He first argues that the trial court abused its discretion in denying his motion in limine in which he requested that the court preclude the state from having any witness refer to any robbery other than the robberies for which Virgo was being tried. In particular, he argued that testimony concerning the car chase and Virgo's running from the truck was inadmissible as irrelevant collateral crimes. The state responded that Virgo's flight showed his consciousness of guilt.
In Thomas v. State, 748 So.2d 970 (Fla.1999), the supreme court held:
This Court has stated that the admission of evidence is within the trial court's discretion and will not be reversed unless defendant demonstrates an abuse of discretion. The law is well settled that "[w]hen a suspected person in any manner attempts to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indications after the fact of a desire to evade prosecution, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstance." However, we have held that in order to admit this evidence, there must be a nexus between the flight, concealment, or resistance to lawful arrest and the crime for which the defendant is being tried in that specific case. Moreover, such an interpretation should be made with a sensitivity to the facts of the particular case.
Id. at 982 (citations omitted). A nexus "is necessary in the application of this rule of law since the evidence creates an inference of a consciousness of guilt of the crime for which the defendant is being tried in that case. The ultimate admissibility issue is the relevance to the charged crime." Escobar v. State, 699 So.2d 988, 995 (Fla. 1997), abrogated on other grounds by Connor v. State, 803 So.2d 598 (Fla.2001) (citation omitted).
In Shellito v. State, 701 So.2d 837 (Fla. 1997), the supreme court held that evidence that the defendant, who was on trial for murder, resisted arrest was admissible as to consciousness of guilt even though he had committed several robberies between the time of the murder and his arrest one day later. In Bundy v. State, 471 So.2d 9 (Fla.1985), evidence that Bundy attempted to flee officers six days after the murder was admissible as consciousness of guilt even though he was wanted for several murders in other states. These cases indicate that flight evidence has been found *1013 admissible even though the flight could have been attributed to other crimes.
In the instant case, although Virgo's flight could have been attributed to the robbery he may have just committed, it is also reasonable to conclude that he was fleeing because of the commission of another robbery four days earlier. Virgo had used the same vehicle and inside the truck, he had the same gun used and the same clothes he wore during the April 15 robbery. The trial court did not abuse its discretion in finding evidence of Virgo's flight admissible.
Virgo next argues that the trial court abused its discretion when it permitted the state to present the testimony of Virgo's girlfriend, Tameka Wilson, concerning Virgo's attempt to fabricate an alibi for April 19 at the time of Virgo's flight from the police. Virgo argues that the evidence is irrelevant to the charged offense and unduly attacks his character. An attempt to fabricate or fabrication of an alibi is relevant to the issue of consciousness of guilt. See Cummings v. State, 715 So.2d 944, 948-49 (Fla.1998). Virgo's attempt to fabricate an alibi was evidence of his need to disassociate himself from his vehicle and the items found in it that connected him to the robberies. The trial court did not abuse its discretion in permitting Wilson's testimony as it was additional evidence of his consciousness of guilt.
Virgo also argues that the trial court erred in failing to conduct a Richardson[1] hearing with respect to the state's non-disclosure of a witness's statement attributed to Virgo which the state intended to use at trial. The trial court erred in failing to conduct a hearing. However, we find the error harmless because the non-disclosed statement was cumulative to other witnesses' testimony of statements made by Virgo during the robbery.
During the trial Virgo was shackled and he argues that the trial court erred in requiring him to remain shackled throughout the trial. This was at most harmless error because the jury never saw that Virgo was wearing shackles.
Affirmed.
WARNER and GROSS, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).