PER CURIAM.
Richard Button appeals an order summarily denying his motion alleging ineffective assistance of counsel. We affirm in part and reverse in part.
Appellant Button was indicted for first degree murder and robbery with a deadly weapon, alleged to have occurred in February 1997. The victim was found dead in Button’s apartment, having been beaten to death. On November 8, 2000, after a jury trial, Button was convicted of both charges. The trial court sentenced Button to life imprisonment on both counts. This court per curiam affirmed Button’s judgment and sentence on appeal without opinion. Button v. State, 819 So.2d 783 (Fla. 4th DCA 2002).
Button then filed a timely motion pursuant to Florida Rule of Criminal Procedure 3.850 in November 2003, alleging eleven grounds for post-conviction relief. The trial court properly denied ten of the eleven claims. We find that the denial of claim six warrants reversal.
In his sixth claim Button alleges that trial counsel was ineffective for withdrawing a motion for an ex parte order to gather potentially exculpatory information. Defense trial counsel hired a private investigator that learned that the victim was a confidential informant and had provided the police with information regarding drug sales in the area. The investigator discovered that those involved in the drug sales may have killed the victim as retribution for giving information to the police.
Defense counsel filed a motion during the trial for leave to discover information the Palm Beach County Sheriffs Office compiled regarding the victim’s status as a confidential informant. The motion asked that any order granted be ex parte, as the defense did not want the state to obtain the information unless counsel decided to use it at trial. At the hearing on the motion the court found that the defendant was entitled to receive any information from the sheriffs office that would be exculpatory to Button’s case. However, the court noted that the state was also entitled to the information and did not grant an ex parte order.
Although Button alleged that counsel withdrew the motion for an ex parte order, the record shows, as the state suggested, that counsel did not withdraw the motion during trial. Button amended his claim to argue that counsel was ineffective for arguing that the state was not entitled to receive the evidence. Button asserts that the failure to obtain this evidence prejudiced his case as the information could have supported his defense theory that someone else was in his apartment and killed the victim.
The circuit court accepted the amendment of claim six and then summarily denied the claim. In denying Button’s as: sertion, the court found that Button was unable to overcome the presumption that defense counsel’s actions were reasonable trial strategy.
The circuit court’s summary denial of this claim was improper. A trial court generally cannot deny a motion for post-conviction relief by finding that defense *248 counsel’s decision was tactical or trial strategy without first holding an evidentia-ry hearing. Erlsten v. State, 842 So.2d 967, 969 (Fla. 4th DCA 2003) (citations omitted). See also Wiggins v. State, 790 So.2d 1137, 1138 (Fla. 4th DCA 2001) (stating “[i]f counsel made a tactical decision to abandon the alibi defense, an evidentiary hearing is required to determine whether that was a reasonable strategic choice”) (citations omitted).
The summary denial of claim six is therefore reversed and remanded to the circuit court for an evidentiary hearing in order to determine whether defense counsel’s actions at trial were tactical.
STEVENSON, C.J., GUNTHER and POLEN, JJ., concur.