PER CURIAM.
This is an appeal by John Judd from an order denying a motion filed under rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand.
Appellant filed a motion for post-conviction relief alleging a claim of newly discovered evidence and a multifaceted claim of ineffective assistance of counsel. At issue here is appellant’s claim alleging ineffective assistance of his trial counsel for failing to object to the presence of a sleeping juror.
This court has previously reversed the summary denial of rule 3.850 motions in which the defendant alleged his trial counsel was ineffective in failing to object to a sleeping juror. See, e.g., Erlsten v. State, 842 So.2d 967 (Fla. 4th DCA 2003); Simo v. State, 790 So.2d 1190 (Fla. 4th DCA 2001); McGraw v. State, 796 So.2d 1205 (Fla. 4th DCA 2001); Kesick v. State, 448 So.2d 644 (Fla. 4th DCA 1984). Other courts have done so as well. See, e.g., Wilson v. State, 828 So.2d 1086 (Fla. 1st DCA 2002); Kelley v. State, 805 So.2d 88 (Fla. 2d DCA 2002). In the instant appeal, appellant alleged that a specific juror was sleeping during his trial, that he informed his trial counsel of the sleeping juror, and that his counsel failed to bring this information to the attention of the court. These allegations, in accordance with the aforementioned cases, are sufficient for an evidentiary hearing.
Accordingly, we reverse the summary denial of this ground for either an eviden-tiary hearing or the attachment of portions of the record that conclusively refute this ground for relief. We affirm without discussion the summary denial as to the balance of the motion for post-conviction relief.

Affirmed in part, Reversed in part, and Remanded.

STEVENSON, C.J., GUNTHER and SHAHOOD, JJ., concur.