PER CURIAM.
 

 Larry Williams (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
 

 
 *1103
 
 Following a jury trial, Defendant was found guilty as charged of second degree murder with a firearm as to one victim and attempted first degree murder with a firearm as to another victim.
 

 The first ground of his timely rule 3.850 motion — which was reiterated in his timely amended motion, after the first motion was denied without prejudice to amend — was ineffective assistance of counsel in failing to notify the trial court that a juror was sleeping during critical testimony. Defendant alleged he informed trial counsel numerous times that one of the jurors was sleeping, but counsel failed to bring this information to the trial court’s attention so that, in effect, he was convicted by a jury of five. Defendant argued that he was prejudiced because, had counsel alerted the court, the alternate juror could have taken the sleeping juror’s place. He cited numerous decisions in which this court and others have reversed the summary denial of rule 3.850 motions raising the same claim.
 
 See Erlsten v. State,
 
 842 So.2d 967 (Fla. 4th DCA 2003), and cases cited therein.
 

 We agree that the trial court erred in summarily denying this ground for relief.
 
 See also Terrell v. State,
 
 9 So.3d 1284 (Fla. 4th DCA 2009);
 
 Judd v. State,
 
 951 So.2d 103 (Fla. 4th DCA 2007). Accordingly, we reverse and remand the summary denial of this ground for further proceedings.
 

 We affirm the summary denial of the second and fifth grounds without further discussion.
 

 Although the trial court denied the third and fourth grounds on the merits, the defendant has failed to demonstrate that these grounds were not untimely because they were raised for the first time in his amended motion, which was filed after the expiration of the two-year period for filing a rule 3.850 motion, and no exception appears to apply. Accordingly, the summary denial of these two grounds is affirmed because they were untimely raised.
 
 See Rincon v. State,
 
 996 So.2d 922 (Fla. 4th DCA 2008) (affirming denial of amended postconviction motion that trial court should not have considered because it was untimely);
 
 Lanier v. State,
 
 826 So.2d 460 (Fla. 1st DCA 2002).
 

 Affirmed in Part, Reversed in Part, and Remanded.
 

 GROSS, TAYLOR and CONNER, JJ., concur.