PER CURIAM.
The defendant, who was convicted of two counts of robbery with a firearm, appeals from the circuit court’s order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. The defendant’s motion raised twelve grounds. We affirm without discussion the summary denial of grounds one through six, eight, nine, eleven, and twelve. However, we reverse the summary denial of grounds seven and ten. We remand for an evidentiary hearing on those two grounds only.
At the defendant’s trial, the state presented the following evidence. Two men with their faces covered robbed a convenience store, one of its employees, and a customer. One of the men had a gun. He wore a cap pulled down and a bandana pulled up over his nose, so that only his eyes could be seen. The other wore a knit ski cap with the ski mask pulled down to his chin. The store’s videotape showed the men’s clothing.
Four days after the convenience store robbery, the police pursued a truck involved in a separate incident. When the truck reached a dead end, the driver and a passenger fled on foot. The driver got away. However, the police caught the passenger. Within the truck, the police found clothes and the defendant’s driver’s license. The police determined that the truck was registered to the defendant.
Upon the passenger’s arrest, he confessed that he and the defendant committed the convenience store robbery four days earlier. The state called the passenger as a witness at trial. He testified that the clothes found in the truck were those which the defendant had worn during the convenience store robbery.
The state also called as a witness an officer involved in the pursuit. The officer testified that, during the pursuit, he saw the truck’s driver and it was the defendant.
The state also called the passenger’s sister as a witness. She testified that on the day of the pursuit, she was with the defendant when she received a call from her brother asking to be picked up. The defendant left in his truck to pick up her brother. The defendant later returned, but without his truck. The sister testified that two days after the pursuit, she overheard the defendant claiming to have been playing basketball on the day of the pursuit.
The defense did not call any witnesses. Defense counsel did not quarrel with the *25 state’s evidence that the defendant was in the truck on the day of the pursuit.
A jury convicted the defendant of two counts of robbery with a firearm. We affirmed the defendant’s direct appeal with a written opinion. Virgo v. State, 931 So.2d 1010 (Fla. 4th DCA 2006). Our opinion, among other things, concluded that the evidence of the defendant’s flight from the police on the day of the pursuit was admissible to show the defendant’s consciousness of guilt for the convenience store robbery four days earlier. Id. at 1013. Our opinion further concluded that the passenger’s sister’s testimony concerning the defendant’s attempt to fabricate an alibi for the day of the pursuit also was admissible to show the' defendant’s consciousness of guilt. Id.
In ground seven of the defendant’s rule 3.850 motion, the defendant argued that his trial counsel was ineffective for failing to seek to excuse an allegedly sleeping juror. According to the defendant, during the trial, he complained to his counsel about a juror closing his eyes, nodding, and sleeping. His counsel told him that the juror was just resting his eyes. However, when the defendant continued to see the juror struggling to stay awake, the defendant again complained to his counsel. His counsel told him that the court would not look favorably on such a complaint, and that the jurors might perceive the complaint as an attack on all of them. The defendant argued that his counsel’s failure to seek to excuse the juror prejudiced him because the juror missed important testimony. The state responded that defense counsel’s refusal to act was a tactical decision.
We find the record does not conclusively refute the defendant’s claim that counsel was ineffective for failing to object to the allegedly sleeping juror. Therefore, we remand for an evidentiary hearing on that claim. See Reynolds v. State, 99 So.3d 459, 481 (Fla.2012) (‘Whether trial counsel had a tactical or strategic reason for not pursuing the dismissal of [a sleeping] juror is a determination that usually should require an evidentiary hearing.”) (citation omitted); Williams v. State, 80 So.3d 1102, 1103 (Fla. 4th DCA 2012) (reversing and remanding for further proceedings the defendant’s claim that his counsel was ineffective for failing to notify the trial court that a juror was sleeping during critical testimony).
In ground ten of the defendant’s rule 3.850 motion, the defendant argued that his counsel was ineffective for failing to call an alleged alibi witness who would testify that the defendant was playing basketball when the pursuit occurred. According to the defendant, his counsel had the witness’s name and address, and the witness was at the trial, expecting to be called. The defendant argued that his counsel’s failure to call the alleged alibi witness prejudiced him because the state used his alleged involvement in the pursuit to show his alleged consciousness of guilt for the convenience store robbery four days earlier. The state responded that while the alleged witness may have attempted to provide the defendant with an alibi on the day of the pursuit, the witness would not have provided the defendant with an alibi for the convenience store robbery four days earlier.
We find that if the alleged alibi witness testified that the defendant was playing basketball on the day of the pursuit, then such evidence may have been relevant to the state’s argument that the defendant’s alleged involvement in the pursuit showed his consciousness of guilt for the convenience store robbery four days earlier. Although we recognize the possibility that defense counsel strategically may not have called the alleged alibi witness because the *26 witness’s testimony was not credible in light of the totality of the evidence, the record does not conclusively refute the defendant’s claim that counsel was ineffective for failing to call the alleged alibi witness. Therefore, we remand for an evi-dentiary hearing on this claim as well. See Anthony v. State, 660 So.2d 374, 376 (Fla. 4th DCA 1995) (“The determination that defense counsel’s actions not to raise an alibi defense or call alibi witnesses were tactical decisions is best made after an evidentiary hearing unless the record conclusively refutes the allegations.”) (citations omitted).
Based on the foregoing, we remand for an evidentiary hearing on grounds seven and ten only.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

STEVENSON, CIKLIN and GERBER, JJ., concur.