IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY L. COLLINS,

       Appellant,

 v.                                 Case No. 5D15-3916

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed June 24, 2016

3.850 Appeal from the Circuit
Court for Volusia County,
Randell H. Rowe, III, Judge.

Stanley L. Collins, Bristol, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.

Stanley Collins appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the circuit court's summary denial of the second and fifth grounds for relief, and affirm the granting of Appellant's fourth ground for relief. We reverse the circuit court's summary denial of the first and third grounds for relief.

In his motion for postconviction relief, Appellant asserts that he received and was prejudiced by ineffective assistance of his trial counsel. In order to establish ineffective assistance of counsel, Appellant must meet the two prongs of the *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* To satisfy the first prong, Appellant must establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Sochor v. State*, 883 So. 2d 766, 771 (Fla. 2004) (citing *Strickland*, 466 U.S. at 688). The second prong is met when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Ineffective assistance of counsel claims are mixed questions of law and fact." *Bell v. State*, 965 So. 2d 48, 56 (Fla. 2007). The appellate court reviews "the legal issues under a de novo standard of review" while the trial court's "factual determinations are given deference if they are supported by competent, substantial evidence." *Id.*

PREEMPTIVE DISCLOSURE OF PRIOR FELONY CONVICTIONS

Appellant was charged with and convicted of, *inter alia,* possession of a firearm by a convicted felon. In the first ground of his motion, Appellant complains that defense

2

counsel did not properly advise him of his Fifth Amendment right to remain silent and not testify in his own defense. He claims that if he had been properly advised of this right, he would not have testified. Appellant asserts that he was prejudiced by this alleged ineffective assistance of counsel because during direct examination, defense counsel elicited testimony from Appellant that he had prior felony convictions. The Florida Supreme Court has held that it is appropriate, common, and not deficient for defense counsel to question their clients about prior felony convictions in order to preempt the State's anticipated impeachment of the defendant during cross-examination. *See Lawhome v. State*, 500 So. 2d 519, 520 (Fla. 1986) (approving of the use of "'anticipatory rehabilitation' to 'take the wind out of the sails' of an attack on credibility or to 'soften the blow' of anticipated inquiries or revelation expected to be damages to the credibility of the witness." (citing *Bell v. State*, 491 So. 2d 537, 538 (Fla. 1986)).

Appellant argues, however, that the anticipatory rehabilitation by defense counsel in this case amounted to a stipulation that effectively relieved the State of its burden of proving Appellant's prior felony conviction, which is an element of the charged crime and not simply a matter of impeachment. *Brown v. State*, 719 So. 2d 882 (Fla. 1998), holds that in a felon-in-possession of a firearm case, the defendant may stipulate to his prior felony convictions to avoid having the State offer proof to the jury as to the nature and number of defendant's prior felony convictions.[1] 719 So. 2d at 889. However, if such a stipulation is offered, *Brown* requires the defendant, outside the presence of the jury and

---

[1] The State is permitted to place into the record proof of the defendant's felony judgments and sentences, but neither the aforementioned documents nor the number and nature of the convictions are to be provided to the jury where a stipulation has been made. *Brown v. State*, 719 So. 2d 882, 889 (Fla. 1998).

3

after consultation with counsel, "to personally acknowledge the stipulation and his voluntary waiver of his right to have the State otherwise prove the convicted felony status element beyond a reasonable doubt." *Id.* The records attached to the trial court's order do not include a *Brown* stipulation acknowledgement by Appellant. Thus, we remand for the postconviction court to attach copies of the record showing that Appellant made a *Brown* stipulation acknowledgement or to conduct an evidentiary hearing to determine whether Appellant made and acknowledged a *Brown* stipulation.

SLEEPING JUROR

In the third ground of his motion for postconviction relief, Appellant alleges that a juror fell asleep. He contends that he informed defense counsel of the sleeping juror, but that counsel failed to make any objection or to seek removal of that juror. Appellant argues that he was prejudiced because the sleeping juror missed Appellant's testimony, which allegedly supported one of Appellant's defenses. Typically, a claim of ineffective assistance of counsel for failing to object to a sleeping juror should not be summarily denied. *See McGraw v. State*, 796 So. 2d 1205, 1206 (Fla. 4th DCA 2001) ("It is usually improper to summarily deny a claim that counsel failed to act upon being informed that a juror was sleeping during trial.").

In *Virgo v. State*, 120 So. 3d 23 (Fla. 4th DCA 2013), the Fourth District Court of Appeal entertained an argument nearly identical to the one before this court. In *Virgo*, the defendant alleged that: (i) he complained to his defense counsel that a juror was sleeping; (ii) defense counsel advised him that the juror was merely resting his eyes and that the trial court would not view an objection favorably; and (iii) due to the juror's continued inability to stay awake, the juror missed important testimony. 120 So. 2d at 25.

4

Given those allegations, the Fourth District Court of Appeal reversed and remanded for an evidentiary hearing. *Id.* (citing *Reynolds v. State*, 99 So. 3d 459, 481 (Fla. 2012)). The State has commendably conceded error and agrees that an evidentiary hearing is required. We reverse and remand for an evidentiary hearing on the sleeping juror issue.

AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR FURTHER PROCEEDINGS.

PALMER and WALLIS JJ., concur.