# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

JUSTIN T. FRIEND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D20-2018

_____

September 3, 2021

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Joseph A. Bulone, Judge.

Justin T. Friend, pro se.

SLEET, Judge.

Justin Friend challenges the postconviction court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion in which he alleged several claims of ineffective assistance of counsel in conjunction with his convictions after jury trial for

aggravated child abuse and neglect of a child. We find error only in the denial of ground four of Friend's motion, in which he alleged that counsel was ineffective for failing to object to a sleeping juror after Friend informed counsel of the issue.

In addressing this claim, the postconviction court acknowledged that "[t]ypically, a claim of ineffective assistance of counsel for failing to object to a sleeping juror should not be summarily denied," *Collins v. State*, 200 So. 3d 163, 166 (Fla. 5th DCA 2016), but concluded that Friend's allegations of *Strickland*[1] prejudice were too speculative. Specifically, the court stated that Friend's "allegations rest on pure speculation—that it was a 'possibility' that the juror fell asleep during an unspecified 'critical phase/point' in the trial." The court concluded that "[s]peculation is insufficient to form a basis for postconviction relief" and summarily denied the claim.

We agree that this allegation is too speculative to warrant relief. *See Connor v. State*, 979 So. 2d 852, 863 (Fla. 2007) ("Relief on ineffective assistance of counsel claims must be based on more

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

than speculation and conjecture.").  However, instead of denying the claim on this basis, the postconviction court should have afforded Friend the opportunity to amend the claim.  *See* Fla. R. Crim. P. 3.850(f)(3) ("If the motion sufficiently states [one] or more claims for relief and it also attempts but fails to state additional claims, and the motion is timely filed under this rule, the court shall enter a nonappealable order granting the defendant [sixty] days to amend the motion to sufficiently state additional claims for relief.").

> [W]hen a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. . . .  [T]he proper procedure is to strike the motion with leave to amend within a reasonable period.

*Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007).  Such amendment is appropriate where "claims . . . fail to contain required allegations."  *Id.* at 762.

Accordingly, we reverse the summary denial of ground four of Friend's postconviction motion and remand with instructions that the postconviction court allow Friend sixty days to amend that ground.  We affirm in all other respects.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.