# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-1312
Lower Tribunal No. F18-25256

————————

**Luis Moya,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Luis Moya, in proper person.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Luis Moya, challenges the trial court's summary denial of his postconviction relief motion alleging ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Moya raised a myriad of grounds. All were without merit, save the allegation that the failure by his trial counsel to object to a sleeping juror rose to the level of ineffective assistance of counsel under the framework set forth in the Supreme Court's landmark decision in Strickland v. Washington, 466 U.S. 668 (1984). The record supports the contention that Moya's counsel purportedly observed a juror sleeping at various junctures during the trial. She alerted the trial court to the fact but declined to later move to strike the offending juror. Her reasoning for failing to so move is not readily apparent. Accordingly, the record does not conclusively refute Moya's allegation of ineffective assistance of counsel, and an evidentiary hearing is in order. See Erlsten v. State, 842 So. 2d 967, 968–69 (Fla. 4th DCA 2003) ("Counsel may have had strategic reasons for not seeking to replace the sleeping juror during the trial, but a trial court's finding that a decision was tactical usually is inappropriate without an evidentiary hearing."); Guisasola v. State, 667 So. 2d 248, 249 (Fla. 1st DCA 1995) ("[A] trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing."); Evans v. State, 737 So. 2d 1167, 1168 (Fla. 2d

2

DCA 1999) ("A trial court's finding that defense action or inaction is the result of trial strategy will generally be disapproved if the decision is made without the benefit of an evidentiary hearing.").  We affirm in all other regards.

Affirmed in part, reversed in part, and remanded.