2024 IL App (1st) 221186-U
No. 1-22-1186

FIRST DIVISION
June 24, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| HASAN GUZALDERE, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2019 L 1287 |
| | ) | |
| BENJAMIN PAUL DOCKERY, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Bridget A. Mitchell, |
| | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

*Held*: We affirm the circuit court's entry of judgment upon the jury's verdict for defendant-appellee, where the record and brief are insufficient to assess plaintiff's claims of error.

¶ 1 In this negligence action, plaintiff-appellant Hasan Guzeldere (plaintiff) appeals from the circuit court's entry of judgment upon the jury's verdict for defendant Benjamin Paul Dockery. For the following reasons, we affirm.

¶ 2 BACKGROUND

¶ 3    This is a personal injury action arising from an automobile collision involving three automobiles. On February 6, 2019, plaintiff commenced this action by filing a complaint against Dockery and James J. Ginnane.

¶ 4    Plaintiff alleged that on the afternoon of February 18, 2017, he was operating a car on Golf Road in Mount Prospect, while Dockery and Ginnane were driving other vehicles. According to the complaint, Dockery "drove his automobile into and collided with the rear of" the car driven by Ginnane, causing Ginnane's vehicle to collide with plaintiff's vehicle. Plaintiff alleged that both defendant and Ginnane were guilty of negligently operating their vehicles. As a result of the incident, plaintiff allegedly sustained serious injuries, incurred medical expenses, suffered pain and mental anguish, and was deprived of earnings. Specifically, plaintiff's brief indicates that his right "shoulder cuff was torn out of its socket" and the right bicep was "torn away from the top of [the] shoulder," after which he underwent multiple surgeries and months of physical therapy.

¶ 5    In March 2019, plaintiff moved to voluntarily dismiss Ginnane from the lawsuit, without prejudice. That order was granted, and the case proceeded against Dockery as the sole remaining defendant.

¶ 6    In April 2019, Dockery filed his answer and denied allegations of negligence. The record reflects that, between 2019 and 2021, plaintiff and Dockery engaged in written discovery and depositions of lay and expert witnesses, including plaintiff's biomechanical engineering expert, Dr. Valnia Ngai.

¶ 7    The record reflects that a jury trial commenced on July 7, 2022 and concluded on July 11, 2022. Plaintiff's brief reflects that he testified and also elicited testimony from Dr. Ngai and Dr. Howard Freeberg, MD, the surgeon who "successfully reattached [plaintiff's] bicep" to his shoulder. The record and plaintiff's brief indicate that Dockery testified and admitted negligence

in causing the accident by failing to stop until it was too late, but that he denied the collision was a proximate cause of plaintiff's injuries and damages. Dockery's counsel apparently argued that plaintiff's injuries were instead caused by his occupational history, including several years of physical labor.[1] The record on appeal contains no transcripts or other report of trial proceedings, so we cannot verify the content of any witness testimony, or the attorneys' arguments to the jury.[2]

¶ 8        The common law record shows that the jury received the following instruction acknowledging Dockery's negligence:

> "The defendant, Benjamin Dockery, admits that he was negligent.
> You need only decide whether that negligence was a proximate
> cause of injuries to the plaintiff and, if so, what amount of money
> will reasonably and fairly compensate the plaintiff for those
> injuries."

The jury was also instructed that plaintiff had the burden to prove that he was injured and that "the negligence of the defendant was a proximate cause of the injury to the plaintiff."

¶ 9        On July 11, 2022, the jury returned a unanimous verdict for Dockery and against plaintiff. On the same date, the trial court entered a judgment on the jury's verdict.

¶ 10        On August 5, 2022, plaintiff filed a timely notice of appeal. Plaintiff (acting *pro se*) also filed a docketing statement reflecting he requested preparation of the appellate record by the circuit

---

[1] Plaintiff's brief asserts that Dockery's counsel misstated his work history, and that his prior jobs had actually been "desk jobs" that did not require physical activity.

[2] The record shows that plaintiff was represented by counsel from Ankin Law Office LLC in pre-trial discovery. It is not clear from the record whether plaintiff was represented by the same counsel at trial.

court, including any trial transcripts. However, it is not clear whether such transcripts were actually delivered, or for that matter whether the trial proceedings were ever transcribed in the first place.

¶ 11    Plaintiff subsequently filed a common law record and a brief in our court using a pre-printed form approved by our supreme court. Dockery did not file an appearance or brief in this appeal. Accordingly, this court took the matter on plaintiff's brief only.

¶ 12                                  ANALYSIS

¶ 13    For the following reasons, we are compelled to affirm the judgment of the circuit court.

¶ 14    First, we note that plaintiff's *pro se* brief (although prepared on a form approved by our supreme court) does not comply with Supreme Court Rule 341 in certain respects. For example, the statement of facts contains no citations to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (A statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal."). Similarly, the "Argument" portion of plaintiff's brief does not include record citations, and several of his claims lack any citation to legal authorities. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument "shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of record relied on.")

¶ 15    Plaintiff's brief challenges the judgment on the jury's defense verdict on multiple grounds. First, he claims that the jury verdict was against the manifest weight of the evidence. He also asserts that defense counsel misled the jury and acted improperly in various respects. Plaintiff also suggests that the trial judge did not adequately protect plaintiff (who is Muslim) from potential jury bias on the basis of religion. We address these in turn.

¶ 16    In arguing that the jury's verdict was against the manifest weight of the evidence, plaintiff states that he "presented 2 expert witnesses and consistent medical records," whereas defendant

Dockery "admitted to negligence and did not provide expert testimony." The plaintiff's brief and available record suggest that the case came down to a question of proximate causation. The jury apparently found that this element of plaintiff's case had not been proven.

¶ 17   Generally, "a verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence." (Internal quotation marks omitted). *Redmond v. Socha*, 216 Ill. 2d 622, 633 (2005).

¶ 18   However, the record does not allow us to make this determination. "[T]o support a claim of error on appeal the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Where an issue relates to the conduct of a hearing or proceeding, the issue is "not subject to review absent a report or record of the proceeding. Instead, absent a record, 'it [is] presumed that the order entered by the trial court [is] in conformity with the law and had a sufficient factual basis.' " *Id.* (quoting *Foutch*, 99 Ill. 2d at 392). Doubts which arising from the incompleteness of the record will be resolved against the appellant. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005).

¶ 19   We recognize that the jury instructions included in the common law record corroborate plaintiff's assertions that Dockery (1) admitted negligence at trial but (2) argued to the jury that there was no proximate cause. Nevertheless, without a record of the trial proceedings, we cannot evaluate whether the jury's verdict was unreasonable, arbitrary, or not based on the evidence presented to it. Indeed, we must presume that there was a sufficient factual basis for the trial court to enter judgment on the jury verdict for defendant. Thus, we must reject the claim of error that the jury verdict was against the manifest weight of the evidence.

¶ 20    We turn to plaintiff's contentions that "defense counsel's conduct was improper" in various respects. Specifically, plaintiff claims that defense counsel "misled the jury" and misstated his work history to falsely suggest his injuries were unrelated to the collision, improperly commented that plaintiff was not married to the mother of his children, told the jury that plaintiff "had not done [his] taxes for years 2017 & 2018," "presented low quality pictures of the damages" to the vehicles that did not properly reflect the actual damages, and "mocked" plaintiff's testimony during a "loud and theatrical closing argument."

¶ 21    While we do not purport to condone the alleged conduct by defense counsel, the state of the record precludes us from assessing whether there is merit to these claims. Without a report of proceedings, we cannot ascertain the specific content of the defense counsel's comments or determine whether there was any resulting prejudice to plaintiff. Thus, we must reject any related claim of error.

¶ 22    The remainder of plaintiff's brief consists of claims that the trial court should have done more to guard against "potential biases of the jury," given his status as a Muslim and the "level of Islamophobic prejudice in the United States." Plaintiff says he "felt like an outsider" and suggests the jury may have been biased against him. In support, he asserts that: (1) defendant was a well-known Christian pastor; (2) there were non-Muslims in the jury; (3) the jury foreperson was a retired "higher ranking U.S. military personnel" and "most U.S. military personnel have experienced battle against Muslims" since September 11, 2001; and (4) there was a "Christian Prayer Table" outside the Daley Center courthouse. Plaintiff also claims that certain jurors were sleeping "in plain sight" of the judge during plaintiff's testimony, which suggests that these "jurors were biased and already made up their minds about the case."

¶ 23        Although plaintiff's allegations of religious bias are serious and we do not take them lightly, the record is insufficient to evaluate them. For example, we cannot tell whether any of the jurors expressed any bias at any point, or whether either plaintiff's or Dockery's religion was ever mentioned at trial. We also cannot ascertain whether any jurors were sleeping, or whether the trial judge was made aware of it. Thus, we cannot find reversible error related to his claims of bias.

¶ 24        Moreover, even assuming certain facts are accurate (such as the presence of a "Christian Prayer Table" outside the Daley Center courthouse), plaintiff does not cite any pertinent legal authorities to argue that such circumstances deprived him of a fair trial. A reviewing court is entitled to have the issues clearly defined with pertinent authority cited. *Lopez v. Northwestern Memorial Hospital*, 375 Ill. App. 3d 637, 648 (2007). Points raised in a brief without supporting legal authorities are forfeited. See *Cholipski v. Bovis Lend Lease, Inc*., 2014 IL App (1st) 132842, ¶ 36. Plaintiff does not cite any relevant legal authorities to support his claims of bias.[3]

¶ 25                                CONCLUSION

¶ 26        For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 27        Affirmed.

---

[3] Plaintiff cites two Florida criminal cases discussing claims that a defendant's trial counsel was ineffective in failing to notify the trial judge of a sleeping juror. See *Thompson v. State*, 873 So. 2d 481 (District Court of Appeal of Florida, Second District 2004); *Judd v. State*, 951 So. 2d 103 (District Court of Appeal of Florida, Fourth District 2007). Those cases are clearly inapposite to this civil appeal.